## ST. LOUIS & S. F. R. CO. v. DAVIS.

No. 2726.   Opinion Filed January 9, 1912.

Publication Withheld Until September Term, 1912.

(120 Pac. 562.)

**APPEAL AND ERROR**—Case-Made—Authority of Successor of Trial Judge.   A successor of the judge before whom an action was tried has the power to grant an extension of time for making a case-made, suggesting amendments and fixing the time within which the case must be signed and settled, provided the same is done before the expiration of the time granted by the retiring judge.

(Syllabus by the Court.)

*Error from District Court, Lincoln County;
Roy Hoffman, Judge.*

Action by Eugenia Davis against the St. Louis & San Francisco Railroad Company.   Judgment for plaintiff, and defendant brings error.   On motion to dismiss.   Overruled.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiff in error.

*S. A. Cordell* and *W. L. Johnson,* for defendant in error.

KANE, J.   The verdict of the jury was returned on December 9, 1910.   On December 13, 1910, the defendant (plaintiff in error) filed its motion for a new trial, which was overruled on January 5, 1911.   Thereupon the court allowed the defendant (plaintiff in error) 90 days from that date in which to make and serve a case-made, and the plaintiff (defendant in error) ten days thereafter to suggest amendments; the case-made to be settled on five days' notice given by either party.   On March 9, 1911, the term of the regular trial judge, to wit, Hon. Roy Hoffman, expired.   On March 29, 1911, his successor in office, Hon. Charles B. Wilson, Jr., by order extended the time within which to make and serve the case-made to June 5, 1911, the plaintiff to have ten days thereafter within which to suggest amendments, and the case-made to be settled upon five days' notice.   Thereafter, to wit, June 5, 1911, the case-made was duly made and served on counsel for the plaintiff.   Thereupon counsel for the plaintiff in writing waived the right to suggest amendments to said case-made, and consented that the same be settled without notice, and on June 8, 1911, said case-made was duly signed and settled by Hon. Roy Hoffman, the judge who tried said cause.

We think the motion to dismiss ought to be overruled.   Following the construction of the same statute, before its adoption by the territory, by the Supreme Court of the state of Kansas, the territorial Supreme Court, in several cases which have been followed by this court, held:   That an ex-judge is not authorized by section 6075, Comp. Laws 1909 (section 4445, St. Okla. 1893), to sign and settle a case-made, if, at the expiration of his term of office, the time for making and serving case-made had expired and no time for settling had been fixed before his retirement. *Barnes v. Lynch,* 9 Okla. 11, 59 Pac. 995; *Burnett v. Davis,* 27 Okla. 124, 111 Pac. 191; *Richardson et vir v. Beidleman et al., ante,* 126 Pac. 818.   But none of these courts have held that the successor of an ex-judge is not authorized to extend the time for making and settling a case-made, provided such extension is made within the time fixed by law or by an order of the ex-judge before the expiration of his term.   Indeed, the Supreme Court of Kansas

has held to the contrary. *Hulme v. Diffenbacher*, 53 Kan. 181, 36 Pac. 60. Whether an order for extending the time for making and serving a case-made be granted depends upon circumstances after the trial, and as to the propriety of making such an order the new judge has as good opportunities for deciding as the old. In the case at bar the trial judge granted time within which to make and serve the case-made, and before the expiration of that period his successor extended the time, also granting time to suggest amendments and requiring the case-made to be settled upon five days' notice. It has been held by this court, and correct, we think, that the time stated in the notice of time and place of settling a case is "the time fixed for  *  *  *  settling and signing a case," contemplated by the statute, *supra*. In the case at bar the time fixed by the notice was waived by stipulation. The effect of the agreement between counsel in that regard was to change the time fixed in the notice for settling and signing to any time within the period which lies between the date of service of the case and the expiration of the time for taking the appeal. The construction contended for by the movant would require notice of time and place of settling a case to be given, for the purpose of fixing the time for signing and settling the case, when the primary reason for giving it was lacking, to wit, to enable opposing counsel to be present to see that his suggestions, if proper, were incorporated in the case-made.

The motion to dismiss is overruled.

TURNER, C. J., and HAYES, WILLIAMS, and DUNN, JJ., concur.