# OKLAHOMA FIRE INS. CO. v. KIMPEL.

### No. 2772.   Opinion Filed August 6, 1913.

### Rehearing Denied September 23, 1913.

### (135 Pac. 6.)

1. **APPEAL AND ERROR—Case-Made—Time for Service.** A party desiring to appeal has three days by statute in which to serve the case-made after the judgment or order appealed from is entered, and, unless such case-made is served within that time, or within an extension of time allowed by the judge or court within said time, the case-made will not be considered in this court.

2. **SAME—Extension.** Where the orders extending the time for making and serving a case-made, other than the original order, purport on their faces to have been made in another and different action, and the time originally granted has expired prior to serving the case, the case-made is void and will not be considered by this court.

3. **SAME—Record—Verity—Amendment.** The record filed for the purpose of appeal imports absolute verity. It is the sole, conclusive, and unimpeachable evidence of the proceedings in the lower court. If incomplete or incorrect, amendment or correction must be sought by proper proceedings. In the case of an omission or error in the record, the power exists in the court below to amend such record, so that it may conform to the actual facts and truth of the case.

4. **SAME—Alteration.** A judge whose term of office has expired, while given authority by statute to settle and sign a case-made in an action tried before him while in office, cannot, in a subsequent attempt to correct a case-made, change or alter the records in said case made by his successor in office.

5. **SAME — Review—Affidavit Contradicting Record.** The affidavit of the clerk of the district court, filed in this court, which seeks to contradict the records of that court, cannot be considered.

(Syllabus by Sharp, C.)

*Error from District Court, Muskogee County;*
*Chas. Bagg, Judge.*

Action by Marie Kimpel against the Oklahoma Fire Insurance Company.  Judgment for plaintiff, and defendant brings error.  Appeal dismissed.

*Brook & Brook* and *Burwell, Crockett & Johnson,* for plaintiff in error.

*Murphey & Noffsinger,* for defendant in error.

Opinion by SHARP, C. August 23, 1909, plaintiff, Marie Kimpel, brought suit against defendant, Oklahoma Fire Insurance Company, to recover damages in the sum of $27,000 on account of the alleged false arrest and imprisonment of said plaintiff by defendant. Trial being had, a verdict for plaintiff in the sum of $2,500 was returned on the 20th day of December, 1910. Motion for new trial being filed, the same was heard and overruled, and on the 7th day of January, 1911, judgment rendered on the verdict; the defendant being given 90 days in which to prepare and serve case-made for appeal, ten days being allowed plaintiff in which to suggest amendments. The term of office of Judge Chas. Bagg, the trial judge, expired January 9, 1911.

There appears in the record, at pages 381 and 382, two purported orders of the district court for the Third judicial district, Muskogee county, extending the time for preparing, serving, and filing case-made. The first of the purported orders was made March 2, 1911, and granted an extension of 60 days; the second was made April 29, 1911, and granted an additional extension of 30 days. The case-made was presented to Judge Bagg for settlement, and by him settled and allowed on the 29th day of May, 1911. Presumably the orders extending the time were made by Judge Bagg's successor in office.

The fact that the trial judge's term of office had expired did not divest him of authority to settle and sign the case-made. On the contrary, the amendment of March 9, 1910 (Sess. Laws 1910, c. 39, sec. 1, pp. 59, 60), to section 4445, St. Okla. 1893, expressly confers this authority upon and makes it the duty of a trial judge, when his term of office shall have expired before the time fixed for making or settling and signing a case, to certify, sign, or settle the case in all respects, as if his term had not expired. *Richardson et al. v. Beidleman et al.,* 33 Okla. 463, 126 Pac. 818. The orders of March 2d and April 29th,

extending the time, were properly made by the successor of Judge Bagg, or by one of the judges of the district court for the judicial district of which Muskogee county formed a part. *St. Louis & S. F. R. Co. v. Davis*, 33 Okla. 565, 120 Pac. 562.

The purported orders extending the time appear, however, to have been made in a case entitled Wagester Sisters against Oklahoma Fire Insurance Company, No. 1017, and not in case of Marie Kimpel against Oklahoma Fire Insurance Company, but which case appears to have borne the same number as the Kimpel case. An original and supplemental motion to dismiss the appeal on this, as well as other, grounds, has been filed and persistently urged. Permission has repeatedly been granted the plaintiff in error to withdraw the case-made for the purpose of having it corrected in this and other particulars. On the 2d day of January, 1913, an order was made by Ex-Judge Chas. Bagg, in which an effort was made to cure this defect in the record. The certificate so made contains the following:

"Marie Kimpel v. Oklahoma Fire Insurance Company, wherein an extension of time was allowed by the court in which to prepare and serve case-made. The record or case-made discloses the fact that an extension of time was granted in which to prepare and serve case-made in No. 1017, and the style of said case should be Marie Kimpel v. Oklahoma Fire Insurance Company, instead of Wagester Sisters, as appears from case-made on pages 381 and 382, and the record or case-made is hereby corrected so as to show that on Thursday, March 2, 1911, an extension of time was granted to the Oklahoma Fire Insurance Company, in case No. 1017, and also the record or case-made is corrected so as to show that the extension was granted to the Oklahoma Fire Insurance Company in case of Marie Kimpel v. Oklahoma Fire Insurance Company, and not Wagester Sisters, No. 1017, bearing date of April 29, 1911; that case No. 1017, is that of Marie Kimpel v. Oklahoma Fire Insurance Company, and not that of Wagester Sisters v. Oklahoma Fire Insurance Company."

The amended case-made, however, nowhere shows that any effort has at any time been made by a proper *nunc pro tunc* order to change or correct the orders extending the time, which, so far as the record before us shows, still contain the orders made in case of Wagester Sisters against Oklahoma Fire In-

surance Company. For the record to show that the orders extending the time were made in case of Marie Kimpel against Oklahoma Fire Insurance Company, it would first be necessary to have the record corrected so as to show that fact. It would be going far, indeed, upon an application to correct a case-made, to permit an ex-judge to vacate and set aside a solemn record of court made by his successor, so as to show that, while the order was made in a certain case, as a matter of fact it was made in another and different case. It is conceded, and we also know from the records of this court, that, previous to the date the purported orders of extension were made, there was pending in the district court of Muskogee county a case entitled Wagester Sisters against Oklahoma Fire Insurance Company, and, while it is possible that a mistake was made, and that in fact the orders were made in case of Kimpel against Oklahoma Fire Insurance Company, it is incumbent upon the plaintiff in error to affirmatively show that its case was settled within the time fixed by the order of the court. This was not done, unless it be made to appear that the orders were in fact made in the Kimpel case. Plaintiff in error should have given notice and applied to the court for a *nunc pro tunc* order to correct the record. This, we must assume, upon a sufficient showing, would have been made, if warranted by the facts. Such application the plaintiff would have had the right to resist by offering testimony in opposition thereto. After the correction of the record, and leave of court obtained, the case-made could in turn have been corrected to conform to the record as corrected. This, however, could not be done in the manner attempted by plaintiff in error. By an amendment to the case-made, it has attempted to change existing orders of the district court, without first going into that court for that purpose, and that by an order of a former judge, and which orders, so sought to be corrected, said former judge had no part in the making, and was without authority to change.

A somewhat similar question was before the territorial Supreme Court in *Day v. Territory,* 2 Okla. 409, 37 Pac. 806, where it was said:

"On the one hand, we have a transcript of the court records, showing one state of facts, and on the other, we have an allowance of an amendment, by the judge, of the court transcripts presented, contradicting the court record. We can hardly believe that the trial judge had opportunity to seriously consider this proposition, or, at least, it is evident that the distinction between the amendment of the court record and the amendment of the case-made was rendered apparent to him, when such amendments were allowed. Clearly the amendments to the case-made could not properly be allowed until the record, itself, had been amended. Certainly the case-made cannot contain more than the record, because from the record and proceedings of the court the case must be made. If an amendment of the court record were sought, a different proceeding would be necessary, and a different question involved."

The record filed for the purpose of appeal imports absolute verity. It is the sole, conclusive, and unimpeachable evidence of the proceedings of the lower court. If incomplete or incorrect, amendment or correction must be sought by proper proceedings. In the case of an omission or error in the record, the power exists in the court below to amend such record, so that it may conform to the actual facts and truth of the case. *Thompson v. Cade,* 14 Okla. 337, 79 Pac. 96; *Bettis v. Cargile,* 23 Okla. 301, 100 Pac. 436. It is a familiar rule that a case-made cannot be amended or supplemented in the Supreme Court by inserting anything therein, or attaching anything thereto, which did not belong to the case-made, and constitute a part thereof, when it was originally settled, signed, and attested. *Snavely v. Abbott Buggy Co.,* 36 Kan. 106, 12 Pac. 522; *Board of Com'rs v. Citizens' Nat. Bank,* 6 Kan. App. 330, 51 Pac. 55; *Missouri & K. Trans. Co. v. Palmer,* 19 Kan. 471.

The affidavit of the clerk of the district court, filed in this court, which seeks to contradict the records of that court, cannot be considered. *Grand Lodge A. O. U. W. v. Furman,* 6 Okla. 649, 52 Pac. 932; *Ryland v. Coyle,* 7 Okla. 226, 54 Pac. 456; *Noyes v. Tootle,* 8 Okla. 505, 58 Pac. 652; *Wade v. Gould,* 8 Okla. 690, 59 Pac. 11; *Missouri & K. Trans. Co. v. Palmer, supra.*

Another objection, urged to the sufficiency of the record, that presents a serious question is that the purported order of the court, extending the time in which to make and serve the case-made, does not show affirmatively that the order was in fact made. Neither does it show that the order was ever filed in the case in the lower court, or entered of record from the journal of the court, as required by section 5317, Rev. Laws 1910. We are, however, not resting our conclusion upon the sufficiency of the orders in the particulars last mentioned, but, instead, upon the ground that it does not affirmatively appear that the orders extending the time were made in the Kimpel case. We are not at liberty to override and disregard the record before us by the consideration of extraneous proofs.

The motion of the defendant in error should therefore be sustained, and the appeal dismissed.

By the Court: It is so ordered.