## PATTERSON v. TOWNLEY METAL & HARDWARE CO.

No. 11059—Opinion Filed Sept. 13, 1921.

(Syllabus.)

### Appeal and Error—Notice of Appeal.

Where a party desiring to appeal fails to give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intention to appeal to the Supreme Court, this court is without jurisdiction and the appeal will be dismissed.

Error from County Court, Kiowa County; J. C. Carpenter, Judge.

Action by Townley Metal & Hardware Company against W. R. Patterson. Judgment for plaintiff, and defendant brings error. Dismissed.

Geo. W. Martin, for plaintiff in error.

Tolbert & Tolbert, for defendant in error.

NICHOLSON, J. The defendant in error has filed its motion to dismiss the appeal herein, and assigns several grounds for dismissal, only one of which it is necessary to consider, and that is that no notice was given in open court at the time the judgment was rendered, or within ten days thereafter, of the intention of the plaintiff in error to appeal.

By the act of the Legislature, chapter 219, Session Laws of 1917, approved March 23, 1917, section 5238 of the Rev. Laws of 1910 was repealed and a section in place thereof and bearing the same number was enacted. This section abolished summons in error, and provides:

"* * * The party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court. If said judgment shall be rendered within less than ten days of the expiration of any term of the court from which an appeal is to be taken, such notice may be given within ten days after the rendition of such judgment, and such notice of an intention to appeal shall be entered by the clerk of the court on the trial docket of said court."

The record fails to show that notice of appeal was given; therefore this court is without jurisdiction, and the appeal is dismissed.

HARRISON, C. J., and PITCHFORD, JOHNSON, McNEILL, ELTING, and KENNAMER, JJ., concur.