## HENSLEY et al. v. STATE.

No. 16696—Opinion Filed June 15, 1926.

(Syllabus.)

**1. Appeal and Error—Lack of Notice of Appeal—Dismissal.**

Section 782, C. O. S. 1921, providing for notice of appeal to be given, is mandatory, and must be complied with, and if such notice is not given, the appeal will be dismissed.

**2. Appeal and Error—Case-Made—Invalidity of Order of Extension After Expiration of Time.**

An order extending the time in which to make and serve case-made is void when made after the time allowed by section 785, C. O. S. 1921, or by a previous order of extension has expired. This court acquires no jurisdiction of the purported appeal, and same will be dismissed.

Appeal from District Court, Stephens County; M. W. Pugh, Judge.

Action between the State and A. J. Hensley et al. From the judgment, the latter appeals. Dismissed.

Wm. T. Powell, for plaintiff in error.

J. H. Long, County Attorney, for defendant in error.

HUNT, J. Defendant in error has filed motion to dismiss appeal for the reason that no notice of appeal was given as provided by section 782, C. O. S. 1921, and for the further reason that the case-made was not served within the time provided by section 785, C. O. S. 1921, or within any valid extension of time granted thereafter by the order of the district court of Stephens county, Okla. An examination of the case-made discloses that there was no notice of appeal given in open court as required by section 782, C. O. S. 1921, at the time the judgment herein was rendered. While the motion to dismiss was pending in this court, plaintiff in error asked for and obtained permission to withdraw the case-made for correction under the supervision of the trial court, and while same was withdrawn plaintiff in error made an effort in the lower court to have an order nunc pro tunc entered showing that notice of appeal was actually given at the time the judgment was rendered. The trial court heard evidence on this motion, and the proceedings on same, including testimony taken, are shown in an amendment to the case-made. The trial court, however, denied the application for an order nunc pro tunc showing that the defendant on the 20th day of February, 1925, gave notice in open court of his intention to appeal and was granted additional time within which to prepare and serve case-made, thus holding, in effect, that no such notice was given or extension of time beyond the statutory time was granted. The record, therefore, stands in this court just as it did before the case-made was withdrawn for amendment, and conclusively shows that no proper notice of appeal was given and no valid extension of time beyond the statutory period within which to make and serve case-made was granted.

Judgment was rendered herein on February 20, 1925, and on the 19th day of March, 1925, the trial court made an order extending the time 60 days from that date within which to make and serve case-made. This order, however, is void for the reason that the 15 days allowed by section 785, C. O. S. 1921, had expired at the time the order was made. The trial court has no power to extend the time within which to make and serve a case-made after the time allowed by statute or granted by previous extension has expired. Korimer v. Collins, 31 Okla. 457, 122 Pac. 159. Section 782, C. O. S. 1921, providing for notice of appeal to be given, is mandatory and must be complied with.

This appeal will, therefore, have to be dismissed, and it is so ordered.

NICHOLSON, C. J., and MASON, HARRISON, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 567 §2380. (2) 4 C. J. p. 350 §1991.