**THOMAS v. DARKS et al.**

No. 16993. Opinion Filed June 21, 1927.

Rehearing Denied Oct. 25, 1927.

(Syllabus.)

**1. New Trial—Denial of Relief to Movant for Laches After Motion Overruled.**

A motion for new trial stays judgment until such motion is determined by the court, and it is the duty of the movant to be diligent in prosecuting said motion to a determination, and where the motion is determined by the court against the movant and said movant thereafter allows more than eleven months to pass without making any inquiry as to the status of the same, such conduct upon the part of the movant constitutes "laches," on account of which the court will not grant relief.

**2. Appeal and Error—Discretion of Lower Court—Ruling on Motion to Set Aside Order Overruling Motion for New Trial.**

A motion to set aside an order overruling a motion for new trial under section 810, C. O. S. 1921, is addressed to the sound legal discretion of the trial court, and its judgment thereon will not be disturbed on appeal unless it clearly appears that the trial court has abused that discretion.

Error from District Court, Hughes County; George C. Crump, Judge.

Action by Martha J. Darks and another against A. H. Thomas. Judgment for plaintiffs, and from action of court in overruling application for order nunc pro tunc and motion to set aside order overruling motion for new trial, defendant brings error. Affirmed.

A. H. Thomas, W. N. Maben, and Linn & Spradling, for plaintiff in error.

Anglin & Stevenson and Forrest M. Darrough, for defendants in error.

LESTER, J. The parties to this action will be referred to as they appeared in the district court. Plaintiffs commenced this action by filing their petition in the district court of Hughes county, Okla. Upon trial plaintiffs recovered a judgment against the defendant quieting title to the land in question, and also recovered damages against the defendant in the sum of $2,500.

The defendant filed a motion for new trial, and said motion was passed by the court until the first day of April, 1924. It appears that on April 1st, the court heard arguments and suggestions on said motion for new trial by counsel for the respective parties, and thereupon the motion was again passed for 30 days. It appears, however, that said motion for new trial was not formally passed upon by the court until May 12,, 1924, at which time the court overruled the motion of the defendant for a new trial.

On the 23rd day of April, 1925, the defendant filed an application for an order nunc pro tunc, and also on the same date, defendant filed an application to set aside the order overruling the motion for new trial and asking that said motion for new trial be reinstated. The defendant in his application to set aside the former order of the court overruling the defendant's motion for new trial claimed that he had no notice or knowledge of the disposition of said motion by the trial court until the 22nd day of April, 1925. On the 7th day of May, 1925, the court heard the application of the defendant upon his motion for nunc pro tunc order and also the motion to set aside the former order of the court overruling the defendant's motion for new trial, theretofore passed upon by the court on the 12th day of May, 1924.

Considerable testimony was introduced before the court upon these motions, and after hearing the testimony offered thereon the court overruled each of the motions filed by the defendant, and the defendant prosecutes this appeal to reverse the judgment of the district court.

The record shows that the defendant filed a motion for new trial on the 19th day of December, 1923, in an action pending in the district court of Hughes county. The motion recites in part:

"Comes now said defendant and moves the court to vacate and set aside the verdict and judgment rendered herein on the 19th day of December, 1923, and to grant a new trial."

On March 3, 1924, the record shows that the motion was passed until the first day of April, 1924. On the first day of April, 1924, the motion was again continued for a period of 30 days.

On May 12, 1924, motion for new trial was, by the court, overruled and the following entry thereof was made (C.-M. 123):

"Now on this 12th day of May, 1924, it being one of the regular days of the March term of the district court, in and for Hughes county, this cause came on to be heard upon the motion filed by the defendant for new trial.

"The cause having been submitted to the court, and after hearing argument of counsel and being fully advised in the premises, court finds that said motion should be overruled, which is accordingly done, to which action of the court, defendant excepts, and defendant served notice in open court of his intention to appeal to the Supreme Court and requests that notice be entered on the clerk's docket, and for good cause shown, defendant is given 90 days in which to make and serve case-made; plaintiff to have ten days to suggest amendments, same to be settled on five days' notice to either party. Supersedeas bond to be filed within 20 days and to be approved by the clerk, double the amount of judgment, including costs."

It appears that after the filing of the motion for new trial by the defendant, he took a small interest in having the same determined by the court. It is shown by the record, at page 181, C.-M., that Mr. Stevenson, one of the attorneys for the plaintiff, testified that on March 26, 1924, he notified the defendant, Thomas, that the motion for new trial was called up, April 1, 1924. The said witness also testified that on April 1, 1924, Thomas was present in court and requested additional time to present his motion for new trial.

After the motion for new trial was overruled, Thomas then permitted almost a year to pass before he made any inquiry as to its status.

A motion for new trial, so long as it remains undetermined by the court, stays the judgment and thus delays the prevailing party to the judgment from receiving any benefits therefrom, and the movant of such motion owes a duty to be reasonably diligent in prosecuting said motion to a determination.

The defendant relies upon subdivision 3, section 810, C. O. S. 1921, as his authority

for filing the motion to set aside the order of the court in overruling the defendant's motion for new trial, which reads as follows:

"For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

The court heard evidence upon the last motion of the defendant, and at the conclusion of the hearing thereof overruled the defendant's motion to set aside the former order of the court overruling the defendant's motion for new trial.

We have carefully examined all the evidence pertaining thereto, and in our opinion the court committed no error therein.

In the case of Tracy et al. v. State ex rel. Fancher, 60 Okla. 109, 159 Pac. 496, this court said:

"There is no law of this state that requires that attorneys or their clients be notified of the setting of the time for trial. It is the duty of any attorney to be diligent, and ascertain when his case is set for trial."

In the case of Pulaski Oil Co. v. Conner, 62 Okla. 211, 162 Pac. 464, this court said:

"The brief of the plaintiff in error recognizes that it is not the duty of court clerks to volunteer information of the status of pending cases, but contends that the clerk is bound to respond to inquiries, and cites cases from this court tending to sustain that view. Be this as it may, the breach of duty upon the part of the clerk was not the proximate cause of the default in this case. The neglect of the clerk became patent to counsel and a matter of history in the cause prior to the adverse result. It was a situation in which counsel should have felt such uneasiness as would have prompted him to have gone or telephoned to Cleveland, or to have taken other steps to keep in touch with his case; and there was an abundance of time within which to have done so. Regardless of the duty of the clerk in such matters, we are constrained to hold that a party may not shift to the clerk the entire responsibility of attending the progress of his cause. The lower court did not err in holding that the facts alleged in the motion to vacate the judgment did not show diligence in the defense; and, there having been an absence of such diligence, the lower court properly refused to vacate the judgment. Tracy et al v. State, supra; Bigsby et al. v. Eppstein, 39 Okla. 466, 135 Pac. 934; Savage v. Dinkler, 12 Okla. 463, 72 Pac. 366."

It clearly appears to us from the record that the defendant was guilty of pure neglect and laches in failing to look after the litigation in which he was most vitally interested. The defendant is also one of the attorneys of record in said cause, and he should have known that the opposing party was interested in an early disposal of the defendant's motion.

The evidence does not satisfy this court that either the trial judge or the clerk of the court made a promise to the defendant that they would notify the defendant of any action taken in said matter, and certainly it is not fair to the trial judge to impose upon him the duty of notifying litigants regarding the status of their cases in court. The trial judge has before him numberless cases embracing pleadings of every kind and character, and no duty rests upon him, as the trial judge, to inform litigants or their attorneys as to the setting of their cases, the condition of their pleadings, or the result of his action in passing upon pleadings presented to him.

Litigants and their attorneys should always be diligent and watchful of their cases pending in court, and certainly they should not be excused for neglect or laches when they seek to impose the duty of obtaining knowledge of their cases from those who are not chargeable with such duty or obligation.

The defendant in the instant case was clearly guilty of laches in failing to make inquiry, within reasonable time, touching the status of his motion for new trial.

This court in the case of Bell et al. v. Knoble et al., 99 Okla. 110, 225 Pac. 897, said:

"A petition to vacate a judgment under section 810, Comp. Stat. 1921, is addressed to the sound legal discretion of the trial court, and the judgment will not be disturbed on appeal unless it clearly appears that the trial court has abused that discretion."

If the rule here stated, being that a petition to vacate a judgment is addressed to the sound legal discretion of the trial court, why not a motion, such as under discussion in this case, be also addressed to the trial judge with like discretion? We conclude that it does. And failing to find that the trial court abused its discretion in overruling the motion of the defendant, his action thereon will not be disturbed.

The defendant also contends that the court should have entered a nunc pro tunc reducing the amount of judgment. The record does not justify this contention of the defendant upon this proposition.

Judgment is affirmed.

BRANSON, C. J., and HARRISON, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 29 Cyc. pp. 935, 1030 (Anno). (2) 4 C. J. p. 832, §2813 (Anno); 29 Cyc. p. 1030 (Anno).