**PARKER et al. v. RENNIE et al.**

No. 20091.    Opinion Filed April 16, 1929.

C. J. Brown, for plaintiffs in error.

Erman Price and Albert Rennie, for defendants in error.

PER CURIAM. This is an appeal from the order and judgment of the district court of Garvin county, in an action wherein the defendants in error were plaintiffs and the plaintiffs in error were defendants. The plaintiff in error A. P. Eustice filed a plea of intervention in said cause, which plea was thereafter on July 2, 1928, upon order of the court, stricken from the files, and thereafter on July 16, 1928, judgment was rendered in favor of plaintiffs in the trial court against defendants. This judgment was rendered in the absence of the defendant Parker, and no notice of appeal was given at the time of the rendition of this judgment or within 10 days thereafter. The defendant J. W. Parker filed in said cause his petition to set aside and cancel the judgment on account of fraud practiced upon the court by the successful party. The record presented does not disclose when this petition was filed, but the same was sworn to by the attorneys for the defendant on the 23rd day of July, 1928. This petition was on the 13th day of August denied. Upon oral motion of the defendant Parker, the court modified the journal entry of judgment of July 16, 1928, so as to show notice of appeal from the judgment and allowing time in which to make and serve case-made. No motion for new trial was filed calling the attention of the court to any alleged error in the proceedings to vacate the judgment. Petition in error was filed in this court on the 15th day of January, 1929, and the record presented and attached thereto is by transcript. The defendants in error have filed in this cause the motion to dismiss the appeal on various grounds: First, that no notice of appeal from the judgment of July 16, 1928, was given at the time of the rendition of said judgment or within 10 days thereafter; and upon the second ground, that no motion for new trial was filed by plaintiff in error after the denying of the petition to set aside and vacate judgment.

Section 782, C. O. S. 1921, requires notice of intention to appeal be given at the time of the rendition of judgment or order complained of or within 10 days thereafter, and this court has in a number of cases held that under the provision of said section the notice of appeal is mandatory, and where the record fails to show notice of appeal as provided in said section, the appeal will be dismissed. Oliver v. Kelly, 129 Okla. 121, 263 Pac. 649; Patterson v. Townley Metal Hdw. Co., 83 Okla. 54, 200 Pac. 852; Hensley v. State, 121 Okla. 47, 247 Pac. 376.

The plaintiffs in error have responded to the motion to dismiss the appeal and assert that the order of the trial court made on the 13th day of August, 1928, modifying the judgment of July 16, 1928, so as to show notice of appeal from said judgment corrected the omission of the plaintiff in error to give notice of appeal at the time the judgment was rendered or within 10 days thereafter, but with this we cannot agree, for the reason section 782, C. O. S. 1921, places a limi-

tation upon the time in which a party may give notice of appeal, and that limitation expires within ten days after judgment, and when such time expires, the court is without jurisdiction to correct the omission. To permit the trial court to enter such an order would be to permit the trial court to falsify its record and to assert that something was done which was in truth and in fact not done. This court in the case of Southern Mutual Life Ins. Co. v. Williams, 135 Okla. 239, 275 Pac. 343, held that the trial court was without authority to enter an order nunc pro tunc directing the clerk of the court to file a motion for new trial and antedate the same so as to make the record show the filing thereof within three days after judgment, and such rule is applicable to the conditions in this case. The order of the trial court modifying the judgment of July 16th so as to show notice of appeal in open court at the time of the rendition of the judgment is a nullity. For the reason no notice of appeal was given within the time allowed by law, this court does not have jurisdiction to review the judgment entered in the trial court on July 16, 1928.

The petition filed by the defendant Parker to vacate the judgment of the court previously rendered in said cause alleges that the said judgment was procured by fraud practiced upon the court and the defendant Parker by the plaintiffs. The allegation of fraud, being incorporated in the said petition, brings the pleadings within the fourth subdivision of section 810, C. O. S. 1921, and this court in the case of Smith v. Smith, 102 Okla. 70, 226 Pac. 368, has held that to enable this court to review the action of the trial court in refusing to vacate a judgment on a petition filed under the fourth subdivision of section 810, supra, it is necessary to file a motion for new trial, calling the attention of the trial court to the alleged errors committed during the trial of said cause, and that where no motion for new trial is filed, this court will not review the action of the trial court in refusing to vacate the judgment. See, also, Harper et al. v. Rutland Savings Bank, 79 Okla. 274, 192 Pac. 1101.

Observing the rules above mentioned, this court is unable to review the judgment of the trial court rendered on July 16, 1928, for the reason no notice of appeal was properly given, nor can we review the order of the trial court denying the petition to vacate the judgment, for the reason no motion for new trial was filed in said cause, and the appeal is hereby dismissed.