**GREER et al. v. WEST et al.**

No. 24134. Sept. 10, 1935.

Pryor & Wallace, for plaintiffs in error.

Wells, Nichols & Wells, for defendants in error.

PER CURIAM. This case originated by the Magnolia Petroleum Company, as plaintiff, filing in the district court of Seminole county its petition in the nature of a bill of interpleader, against Roy Greer, Eva Greer, Sissy West, nee Palmer, Legus West, and J. E. Simpson, as defendants, showing that it was the owner of an oil and gas lease, covering certain lands in Seminole county, executed and delivered by Roy Greer and Eva Greer to W. E. Huddleston and by Huddleston assigned to it; that by the terms of said lease a royalty of one-eighth of all oil and gas was reserved, and that said lease further provided that if no well be commenced on said lands on or before the 5th day of May, 1927, said lease should terminate, unless the lessee should, on or before said date, pay or tender to said lessors, or to their credit in the Oklahoma State Bank

of Konawa, Okla., the sum of $120, which should operate as a rental and confer the privilege of deferring the commencement of a well for 12 months from said date, and that in like manner and upon like additional tenders the commencement of a well might be further deferred for like periods of the same number of months successively; that said lease further provided that if the lessors owned a less interest in said land than the entire and undivided fee-simple interest, then the royalties and rentals therein provided should be paid the lessors only in the proportion their interest bore to the whole and undivided fee; that it appeared to the plaintiff that said Roy Greer did not own the entire and undivided fee-simple title to said premises, but that Sissy West, nee Palmer, was the owner of an undivided one-half interest therein, and in order to fully preserve its rights in said premises, it obtained from Sissy West, nee Palmer, Legus West, her husband, and J. E. Simpson, her attorney, an oil and gas lease covering said premises, containing substantially the same terms as the lease executed by Roy Greer and wife; that it had paid Roy Greer the sum of $120 as rental to defer the commencement of drilling a well for 12 months from the 5th day of May, 1927, and that it would be compelled, on or before the 4th day of February, 1928, to pay Sissy West, nee Palmer, and J. E. Simpson the sum of $60 rental under the lease executed by them, and would thus be compelled to pay double rental on an undivided one-half interest in said premises, and that each of said defendants was claiming the rentals due under said leases. It offered to pay the sum of $120 per year as rentals into court from time to time as the same became due, and prayed that each of said defendants be required to interplead in said cause and set up whatever right, title, interest, or claim which either of them had to said premises, and to the rentals and royalties thereof and thereunder, and that plaintiff be discharged from any liability for the payment of rentals so tendered upon performance of said tender.

The defendants Roy Greer and Eva Greer filed their answer to this petition; the defendants Sissy West, nee Palmer, and J. E. Simpson filed their answer and cross-petition, in which they pleaded that they were the owners of an undivided one-half of the real estate involved, and prayed that their title thereto be quieted as against the defendants Roy Greer and Eva Greer; the defendants Roy Greer and Eva Greer filed an answer to this cross-petition, and a cross-petition seeking to quiet their title as against Sissy

West, nee Palmer, and J. E. Simpson, and by which other parties were brought in as defendants, one of whom, Wilhelmina Worley, filed answer setting up an interest under a mineral deed from Sissy West and J. E. Simpson.

The court, without any request therefor, made and filed findings of fact and conclusions of law, by which he found that the land involved had been allotted and patented to Tobie, a full-blood Seminole Indian; that Sissy West, nee Palmer, and Tobie entered into an oral agreement to live together as husband and wife; that they did so live together until the death of Tobie, and that he died intestate, without issue, leaving surviving him Sissy West, nee Palmer, and some brothers and sisters. The court concluded, as a matter of law, that Roy Greer and Eva Greer were the owners of an undivided one-half interest in said lands and were entitled to receive one-half of the rentals thereon; that J. E. Simpson was the owner of an undivided one-fourth interest in said lands and entitled to receive one-fourth of said rentals; that Wilhelmina Worley was the owner of an undivided one-fourth of all the mineral rights in and under said land, and entitled to receive one-fourth of the rentals thereon, and that Sissy West, nee Palmer, was the owner of an undivided one-fourth of the surface rights in said land. A decree was rendered accordingly, from which Roy Greer and Eva Greer have appealed.

It is necessary to consider but one of the several assignments of error presented, and that is that the court erred in refusing the request of the defendants Roy Greer and Eva Greer for trial by jury.

The plaintiffs in error insist that they were entitled to a trial by jury, and defendants in error, in their brief, concede that, as between the parties here, the case is one in ejectment, and either party would be entitled to a jury trial unless a jury should be waived, but they contend that all parties waived a jury and agreed to submit the issues to the court for final determination.

The motion for new trial filed by the plaintiffs in error is supported by affidavits of their counsel and other persons showing that a trial by jury was demanded and refused. The defendants in error Sissy West, nee Palmer, and J. E. Simpson filed counter affidavits of their counsel and other persons tending to show that a trial by jury was waived by all the parties, and rely upon these affidavits, and upon the record as contained in the minute book in the office of the court clerk as showing that the parties waived a

trial by jury. There is a sharp conflict in the affidavits of the parties. Those of the defendants in error show that a jury was waived, while those of the plaintiffs in error show that a trial by jury was not waived, but was demanded and refused. Hence, these affidavits are of little or no aid in determining the facts in this regard. The minutes made by the deputy court clerk read as follows:

"Magnolia Petroleum Company v. Roy Greer, No. 10068 October 31, 1931. Cause set for trial. All parties announce ready. Cause submitted to the court, evidence heard in part. Cause continued to November 5, 1931, for further hearing."

There is nothing in these minutes showing that a trial by jury was waived.

The plaintiffs in error duly suggested certain amendments to the case-made, and thereby requested that said case-made be corrected in the following particulars and that there be incorporated therein the following:

"This cause was called for trial, whereupon George C. Crump, trial judge, asked the following question: 'Is this a jury case?'

"Answered by A. S. Wells: 'We do not think that it is a jury case—that there is anything for a jury to decide, but the attorneys on the other side request a jury and have been asking for the same across the hall before Judge Summers.'

"By W. W. Pryor: 'We think that it is purely a question for the jury to decide and we are demanding a jury to try this case.'

"By the Court: 'Let me see the papers, and I will determine whether it is a jury case or not.'

"Whereupon G. O. Wallace, one of the attorneys for Roy Greer and Eva Greer asked the court if he wished to see all the files, and the trial court, George C. Crump, said no, he only wanted to see the petition, whereupon G. O. Wallace extracted the petition from the files and handed the same to George C. Crump, trial judge, and Judge Crump, after glancing through the petition of Magnolia Petroleum Company said 'This is an interpleader action and the request for a jury is denied.'

"Whereupon the court discharged the jury in attendance upon the court and told them that they could go home, that this was not a jury case. After which it was agreed by all parties that there was only one question for the court to determine and that was:

"The relationship existing between Sissy West and Tobie Tiger, the allottee, at the time of his death?

"Whereupon, Roy Greer and Eva Greer ask that the above and foregoing suggested amendments be incorporated in the case-made as a part thereof."

The trial court refused to allow such amendments, but signed and settled the case-made without including therein such suggested amendments. Thereupon, the plaintiffs in error, after due notice to the defendants in error, presented said case made and suggestion of amendments thereto to Hon. E. F. Lester, Chief Justice of this court, and asked that said amendments be incorporated in said case-made, and said Chief Justice, after hearing evidence in support of said application, made and entered the following order:

"Now, on this 6th day of October, 1932, there comes on for hearing, pursuant to notice of settlement of case-made, the request of Roy Greer and Eva Greer for an order permitting the suggested amendments to be incorporated and made a part of the case-made herein, and it appearing that there being no court in session in Wewoka, in Seminole county, at this time and it being made to appear that October 11, 1932, is the last day for filing case-made, Roy Greer and Eva Greer appeared by their attorneys of record, W. W. Pryor and G. O. Wallace, and the Chief Justice of the Supreme Court, Hon. E. F. Lester, before whom the matter comes on to be heard, after examining the notice required to be given under section No. 792, C. O. S. 1921, finds that due and legal notice has been given as by law and the statute required, and that the proceedings herein, is being had in accordance with, and pursuant to the statute above set forth. And it further appearing to the Chief Justice that said hearing was set at 10:00 a. m. on this date, October 6th, and it now being after that time, the Chief Justice, E. F. Lester, proceeds to hear the evidence of the following witnesses: W. W. Pryor, G. O. Wallace, J. C. (Cal) Long, Pearl LaMunyon, and Roy O. Greer, who each after being duly sworn upon oath, testified that they were present in the court room, at Wewoka, Okla., and heard W. W. Pryor, attorney for Roy Greer, request a jury trial, which was denied by George C. Crump, the trial judge, and there being no evidence to the contrary, the Chief Justice finds that suggested amendments of Roy Greer and Eva Greer should be incorporated in, and become a part of, this case-made.

"It is, therefore, ordered, adjudged, and decreed by the Chief Justice, that the suggested amendments of Roy Greer and Eva Greer be taken as true and correct, and that the same be and are hereby incorporated in the case-made as a part thereof, and the same is so ordered."

This amendment, having been made in accordance with the provisions of section 792,

C. O. S. 1921 (section 541, Okla. Stat. 1931), must be treated as conclusive of the facts in dispute.

Section 350, Okla. Stat. 1931, provides that issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury unless a jury trial is waived, or a reference is ordered as thereinafter provided, and section 373 of the statute provides the following manner by which a jury may be waived:

"By the consent of the party appearing, when the other party fails to appear at the trial, by himself or attorney. By written consent, in person or by attorney, filed with the clerk. By oral consent, in open court, entered on the journal."

As between the defendants below, this was an action for the recovery of specific real property and money due as rental thereon, and should have been tried to a jury unless it appears that a jury was waived. Grace et al. v. Hildebrandt et al., 110 Okla. 181, 237 P. 100. The right to a jury trial can be waived only by one of the three statutory methods. Pancoast v. Eldridge, 157 Okla. 195, 11 P. (2d) 918, and the statute indicates that such waiver must be affirmatively shown. Campbell, Adm'r, et al. v. Powell et al., 76 Okla. 286, 185 P. 328.

As neither the minutes of the court clerk nor the journal show that a jury was waived, and as the amendments to the case-made suggested by plaintiffs in error show that a jury was demanded by them, and refused, and inasmuch as these amendments were allowed by the Chief Justice of this court, after hearing evidence in support thereof, we conclude that a jury was not waived, and that the court erred in refusing a trial by jury.

The judgment is reversed and remanded, with directions to grant a trial by jury.

The Supreme Court acknowledges the aid of Attorneys George M. Nicholson, S. W. Hayes, and W. H. Brown in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Nicholson and approved by Mr. Hayes and Mr. Brown, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.

**WASHOMA PETROLEUM CO. et al. v. EASON OIL CO.**

No. 24076. Sept. 10, 1935.

McKeever, Elam, Stewart & McKeever, for plaintiffs in error.

Simons, McKnight, Simons, Mitchell & Mc-Knight, for defendant in error.

PER CURIAM. This cause was begun in the district court of Garfield county by the defendant in error against the plaintiffs in error, to recover a money judgment for the value of certain oil well casing let for hire by the plaintiff's assignor to the Washoma Petroleum Company under the terms of a written contract which stipulated for a guaranty bond to be given by the obligor to secure the fulfilment of the terms of the contract. The bond was made by the defendant Continental Casualty Company. This suit is on the contract and bond. The parties will be referred to as they appeared below.

The defendant Washoma Petroleum Company was desirous of drilling a test well for oil on a certain tract of land in Blaine county, Okla., and procured by written contract, dated March 19, 1929, the Healdton Oil & Gas Company to furnish for hire certain oil well casing to be used in drilling such test, for a consideration of an assignment of certain oil and gas leases on lands in the area where the test was to be made. The contract stipulated that the test should be begun not later than March 25, 1929, and drilled to a depth of 5,000 feet, unless oil or gas is found in paying quantities at a lesser depth, or unless impenetrable granite is encountered at such lesser depth, and to complete the same on or before 16 months from such date of beginning and to return said casing within the 16 months' period of time, or to pay for the same at a value to be fixed at 75·per cent. of the list price of the National Supply Company. The contract provided for a bond to guarantee the return of said rented property or payment thereof at the agreed price. During the month of April, 1929, the casing was delivered by the plaintiff's assignor to the Washoma Petroleum Company and by it was taken to the lease where the test was to be made. Afterwards, on the 1st day of November, 1929, the Healdton Oil & Gas Company assigned said contract to the plaintiff, Eason Oil Company. There is no contention as to kind, price, quality or quantity of the casing.

The Washoma Petroleum Company, defendant, began its operations on time and continued to drill the test, with intermissions and delays, until about March 12, 1931, some eight months after the expiration of the 16 months' period stipulated in the contract for the completion of the well and return of the casing, or an accounting for the value thereof, when it approached the plaintiff and asked for an extension of time, in order, as it contends, to complete the well and return the casing, or account for the same. However, it is the contention of the plaintiff that it was asked for an extension of time within which payment should be made for the casing, and it was granted such an extension of 30 days by and with the approval of the defendant Continental Casualty Company. These contentions form the issue of fact. The 30 days elapsed and the defendant drilling company made default under either contention and the plaintiff made demand upon both defendants for settlement of its account of $8.574.24, and settlement not being made by either, on the 12th day of May, 1931, the plaintiff filed this suit. The case was tried to the court without the intervention of a jury and resulted in a judgment for the plaintiff against the defendants for the sum of $8,-574.24.

There are only slight conflicts in the evidence, and the case was decided by the trial court upon a construction of the contract and bond, taking into consideration the acts and conduct of the parties. Motions for new trial were filed and overruled. Defendants submit four assignments of error. However, one, No. 3, is abandoned. Numbers 1 and 2 complain of the overruling of the motions for a new trial and. No. 4 complains of rendition of judgment in favor of plaintiff and against the defendants. The defendants in their brief and supplemental brief discuss very briefly their contentions and cite no authority in support thereof, except as to the general rule of construction of contracts and the ascertainment of the mutual intention of the parties. The plaintiff and the defendants are in accord as to the general rule and no discussion is needed thereon. It will be noted that the contract has two primary provisions, viz.; First, the drilling clause, and second, the rental clause. The latter is divided into two parts: First, the rental provision, and second, the sale provision or option, and it is with these we are chiefly concerned. It will also be observed that the defendant Washoma Petroleum Company paid the rental price for the use of the casing for the period of 16 months by an assignment of oil and gas leases to the plaintiff's assignor. No contention is made by the plaintiff for the rental value for the overtime the casing was used by said defendant, but the matter is treated as having been an elec-

