## WERFELMAN v. MILLER.

No. 26902. May 18, 1937.

Rehearing Denied June 8, 1937.

Jean R. Reed and Fred W. Martin, for plaintiff in error.

Watts & Watts, for defendant in error.

PER CURIAM. On July 27, 1935, the court entered a judgment on the pleadings 'and the opening statement of counsel. The corrected journal entry of judgment at the time fails to provide any additional time in which to make and serve case-made. The cause must be dismissed.

Plaintiff in error urges that the trial court was without power to correct the order formerly made by nunc pro tunc order. This court has many times decided that the trial court has power to correct, nunc pro tunc, its orders or judgments to make them speak the truth. In re McQuown, 19 Okla. 347, 91 P. 689; Courtney v. Barnett, 65 Okla. 189, 166 P. 207; Snyder v. Sherell, 7 Ind. Ter. 35, 103 S. W. 756; Mooney v. First State Bank, 48 Okla. 676, 149 P. 1173; Woodmansee v. Woodmansee, 137 Okla. 112, 278 P. 278; Bowling v. Merry, 91 Okla. 176, 217 P. 404. A judgment is rendered when pronounced by the court, and the journal entry is only a record thereof. Taliaferro v. Batis, 123 Okla. 59, 252 P. 845. This court will permit a record to be withdrawn for the very purpose of inserting the evidence of the entry of the court. Courtney v. Moore, 51 Okla. 628, 151 P. 1178.

This court has full power to correct by any method it sees fit the record or case-made filed in this court. Section 535, O. S. 1931. The trial judge acts as special master for this court for the correction of the record filed in this court. If the correction of the record of the trial court is by nunc pro tunc order to correct a matter of record in the trial court only, or not of record in the trial court, the trial judge has exclusive jurisdiction to make that correction. Bettis v. Cargile, 23 Okla. 301, 100 P. 436; Oklahoma Fire Ins. Co. v. Kimpel, 39 Okla. 339, 135 P. 6. The proper way to correct the record when the

case h'as been appealed to this court is to apply to the appellate court to withdraw the case-made, and when due notice is given under the order of this court, proceed to correct the record. Embry v. Villines, 175 Okla. 552, 53 P. (2d) 277. If the trial court, acting as a trial court, deems it necessary to proceed to correct its record by nunc pro tunc order, it has full power under the above authorities to proceed to do so. That power was properly exercised in this case. When the record is corrected, it should be redeposited in this court under the order of the court, and it is not necessary that it be refiled in the trial court or refiled in this court. It is a discretionary order issued under the power of this court given by section 535, supra, and the action upon the correction is final. Greer v. West, 173 Okla. 427, 48 P. (2d) 1043.

The record as corrected shows that at the time the judgment was entered, the defendant did not take any additional time in which to make and serve his case-made. Under the provisions of section 534, O. S. 1931, a case-made must be served within 15 days or some legal extension made within such time. The record is not certified as a transcript, and the errors are such as can only be presented by case-made. The cause is dismissed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY, J., absent.