Leta Faye McCULLOUGH, Appellant,

v.

SAFEWAY STORES, INC., a Maryland corporation, Appellee.

No. 53669.

Supreme Court of Oklahoma.

April 7, 1981.

Gibbon, Gladd, Clark, Taylor & Smith by Joseph F. Clark, Jr., Tulsa, for appellant.

Boesche, McDermott & Eskridge by T. H. Eskridge, Tulsa, for appellee.

OPALA, Justice:

This cause is before us on reconsideration of dismissal motion. When initially entertained, the motion culminated in the November 3, 1980 dismissal. It was later set aside by order of December 27, 1980. The dispositive question—which unfolded itself at the time we set aside the dismissal—is whether the parties were in fact given timely notice of the trial court's February 20, 1979 *in absentia* ruling on the defendant's motion for summary judgment. As an aid to us in resolving this issue we asked that the trial judge, sitting as this court's special master, give it his initial consideration. We now have a memorial of his views.

Defendant's motion for summary judgment, filed November 13, 1978, came for trial court's consideration on the briefs. A courtroom minute sheet of February 20, 1979, reflects that on that day summary

judgment ruling was made in defendant's favor. A corresponding entry is shown for that day on the appearance docket. Neither the minute nor the docket sheet reveals on its face that a copy of the ruling was ever mailed to the parties. Counsel for both sides agree they were without notice of the February 20th ruling until the trial judge's letter of April 13, 1979 reached them a day or two later. That letter was in response to an April 11, 1979 inquiry by the plaintiff's counsel as to the status of the summary judgment motion. By his April 13th letter the trial judge advised counsel that he had disposed of the motion by his February 20th ruling and added that a copy of the "minute was mailed to your office at that time". A copy of the April 13th letter of the trial judge is on file in the case. It was included in the record.

Viewed in its totality, the record is unimpeachably consistent with the plaintiff's position that *no* timely notice was ever given her. *There exists in this record absolutely no trail of any mailing.* The appearance docket bears *no* entry indicating any kind of notice mailing; the original courtroom minute sheet shows *no* judicial direction for the copies to be mailed; counsel are both in agreement that they had *no* notice of the ruling before about April 14 or 15; lastly and most importantly, there is *no* testimony in this record from the deputy court clerk—the one who was charged with making, and did make, the February 20th minute entry—to the effect that either she, or someone else under her direction or to her knowledge, ever mailed the notice to the parties at some point in time after the February 20th ruling.[1]

In a case taken under advisement, the parties to an action who appeared therein and who are affected by an appealable decision made in their absence at a time not regularly appointed either for trial or pronouncement of judgment must be given timely notice of the court's decision.[2] Any past expression of this court which may lead one to assume that counsel in a case taken under advisement are under some duty to monitor the court's docket for an anticipated appealable disposition is expressly disapproved as clearly in discord with the notions of due process, state and federal.[3] While court records generally do import verity, where notice is one's due, it can never be judicially presumed from an utterly silent record.[4] The court is impotent to supply for the record, nunc pro tunc, any omission for which there is no warrant either in the memorials, documents or *en pais.*[5] The function of a nunc pro tunc entry is to reconstruct and put on record the *true memorial* of what did in fact transpire in litigation.[6]

This court makes the ultimate determination with respect to the state and contents of an appellate record. While it may avail itself of the trial judge's aid by directing him/her to act in the matter as its special master, it is not necessarily bound by the master's view or findings.[7]

On the record before us we hold that *no* timely notice was given to the par-

1. *Liberty Plan Co. v. Francis T. Smith Lumber Co.,* Okl., 360 P.2d 500 [1961].

2. Amendments V and XIV, U.S. Con.; Art. 2 § 7, Okl.Con.; *Boorigie v. Boyd,* 41 Okl. 550, 139 P. 253 [1914].

3. *Boorigie v. Boyd,* supra note 2; *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 [1965]; cf. *Thomas v. Darks,* 127 Okl. 179, 260 P. 75, 77 [1927].

4. *Parker v. Rennie,* 136 Okl. 122, 276 P. 721, 722 [1929].

5. *Render v. Henry Schafer, Inc.,* 198 Okl. 95, 175 P.2d 330, 331 [1946]; *Little v. Employer's Casualty Co.,* 180 Okl. 628, 71 P.2d 687, 688 [1937].

6. *Marker v. Gillam,* 80 Okl. 259, 196 P. 126 [1921]; *Woodmansee v. Woodmansee,* 137 Okl. 112, 278 P. 278 [1929].

7. *Werfelman v. Miller,* 180 Okl. 267, 68 P.2d 819, 820 [1937]; *Embry v. Villines,* 175 Okl. 552, 53 P.2d 277, 280 [1935]; *Greer v. West,* 173 Okl. 427, 48 P.2d 1043, 1046 [1935].

ties of the trial judge's February 20th ruling effected by an *in absentia* minute entry. In a case taken under advisement, judgment sought to be effected by a minute entry made out of the presence of the parties on a day not regularly appointed either for trial or pronouncement of decision cannot be deemed in fact "rendered" until notice of its entry has been mailed to the parties who appeared in the action.[8] Plaintiff's appeal, filed here May 10, 1979, was brought within 30 days of April 13th—the day shown to have been that on which notice of the February 20th ruling had first been sent. The appeal is hence timely. In conformity with the facts shown, the court records stand amended, nunc pro tunc, to make them speak the truth by reflecting April 13, 1979, rather than February 20, 1979, to be the judgment date. The motion to dismiss is reconsidered and denied with prejudice to its re-argument in the briefs on the merits.

IRWIN, C. J., and WILLIAMS, HODGES and LAVENDER, JJ., concur.

BARNES, V. C. J., and SIMMS and DOOLIN, JJ., concur in result.

HARGRAVE, J., not participating.

SIMMS, Justice, concurring specially in part; dissenting in part.

I must respectfully disagree with the action of the majority in involving the office of an "order nunc pro tunc" to change the date of entry of a trial court judgment. Such action is not authorized,[1] it is unnecessary to the result reached, and it portends potential mischief.

There can be no doubt from an examination of the record and exhibits that the trial judge *entered* his judgment in this case on February 20, 1979. The *entry of judgment* is nothing more than a ministerial act which consists in spreading upon the record a statement of the final conclusion by the trial judge in the matter. Entry of judgment is not to be confused with "rendition of judgment" or "pronouncement of judgment".

Rendition or pronouncement of judgment within the parameters of this litigation is accomplished only after the court's decision is announced to both parties. *Bobo v. Bigbee, Okl., 548 P.2d 244 (1976).*

The time to commence an appeal does not begin to run from the simple ministerial act of entry of judgment but is calculated from the "day the decision is *rendered.*" (E.A.) Rules of Appellate Procedure, 12 O.S.1971, Ch. 15, App. 2, Rule 1.11(a). Pursuant to Rule 1.11(b), a judgment is deemed rendered when its terms are pronounced by the judge.

Although the judgment in this case was entered February 20, it clearly was not "rendered" nor "pronounced" within the meaning of our Appellate Rules until it was communicated to the parties on April 13.

I would simply hold the petition in error filed was timely filed May 10, 1979.

---

8. A minute entry of a *rendered* judgment is to be distinguished from "record entry of judgment". The latter is not effected by a clerk's minute entry on the appearance docket. Rather, it is accomplished by a written *memorial* —most often made nunc pro tunc—which is *filed in the case and entered on the court's journal.* The memorial's entry upon the journal is not essential to the validity of a judgment. *Cumby v. State ex rel. Vinzant,* Okl., 468 P.2d 490, 493 [1970]; *Austin v. King,* Okl., 404 P.2d 1009, 1014 [1965]; *State v. Froese,* 200 Okl. 486, 197 P.2d 296, 298 [1948]. *In this case the court's judgment has not yet been "entered" of record because there is still no formal nunc pro tunc memorial of its record.*

1. This Court has no power to correct the record of another court. "If the correction of the record of the trial court is by nunc pro tunc order to correct a matter of record in the trial court only, or not of record in the trial court, the trial judge has exclusive jurisdiction to make that correction." *Werfelman v. Miller, 180 Okl. 267, 68 P.2d 819, 820 (1937).* See also, *Oklahoma Fire Ins. Co. v. Kimpel, 39 Okl. 339, 135 P. 6 (1913); Bettis v. Cargile, 23 Okl. 301, 100 P. 436 (1909).*

I am authorized to state that Barnes, V. C. J., and Doolin, J., concur.