In the Matter of the PROTESTS OF SOUTHWESTERN BELL TELEPHONE COMPANY, Oklahoma Natural Gas Company, and Oklahoma Gas and Electric Company Alleging Illegal Sinking Fund Levies of Fiscal Years 1984 and 1985 of the City of Muskogee.

SOUTHWESTERN BELL TELEPHONE COMPANY, Oklahoma Natural Gas Company and Oklahoma Gas and Electric Company, Appellees,

v.

The MUSKOGEE COUNTY EXCISE BOARD, and the City of Muskogee, a municipal corporation, Appellants.

No. 64844.

Court of Appeals of Oklahoma, Division Nos. 2 and 4.

Oct. 7, 1986.

George M. Makohin, Oklahoma City, for appellee Southwestern Bell.

Sheppard F. Miers, Jr., Huffman, Arrington, Kihle, Gaberino & Dunn, Tulsa, for appellee Oklahoma Natural Gas.

Robert D. Stewart, Jr., Oklahoma City, for appellee Oklahoma Gas & Elec.

Steve Cousparis, City Atty., Muskogee, for appellant City of Muskogee.

Diane Pedicord, Oklahoma City, for amicus curiae Oklahoma Municipal League.

REIF, Presiding Judge.

This appeal was placed on the Accelerated Docket for early disposition. Oral argument was waived and the case decided in conference.

Three Taxpayer Utilities protested an ad valorem tax levy by the Muskogee County Excise Board for the 1984–85 sinking fund of the City of Muskogee. They filed their protests on November 26, 1984, following the filing on November 13, 1984, of the budget documentation that reflected the action by the excise board. Complaint was made that the levy was illegal insofar as it included funding for the City's share of the County Revaluation Program. Taxpayers assert that this violated Okla. Const. art. 10, § 28, which authorizes sinking funds for stated, limited purposes.

City urged that the protests were not timely because its budget had been filed with the State Auditor and Inspector in late June 1984, prior to the commencement of fiscal year 1984–85. It argues Taxpayers' failure to protest the budget within fifteen days of this filing rendered the budget final and precluded later challenges under the Municipal Budget Act. 11 O.S.1981 §§ 17–201 through 17–216. Alternatively, City argued that (1) inclusion of revaluation costs in the sinking fund was proper; and (2) the requirement that City contribute to the County Revaluation Program was impermissible legislation and appropriated local funds for a state purpose.

■ The Court of Tax Review concluded it had jurisdiction. The court unanimously held that the levy for the Muskogee City sinking fund for fiscal year 1984–85 was illegal as concerned the portion to finance City's statutory share of the County Revaluation Program. This conclusion was correct and must be affirmed in view of the express language in the constitutional authority for sinking funds that specifically limits their use for payment of interest coupons, bonds, and judgments. Okla. Const. art. 10, § 28. *See also* 62 O.S.1981

§§ 431 and 435. It is further significant that 11 O.S.1981 § 17–207, of the Municipal Budget Act, specifically directs the municipal governing body to "determine the municipality's needs for sinking fund purposes, pursuant to Section 431 of Title 62 of the Oklahoma Statutes and Section 28 of Article 10 of the Oklahoma Constitution."

■ We also hold the protests were timely. Even assuming City's budget was governed by the Municipal Budget Act, its submission to the State Auditor and Inspector on June 23, 1984, without subsequent protest, was merely the final step for expending non-ad valorem tax revenue.

Section 17–209(C), provides in pertinent part that the budget as adopted and filed with the State Auditor and Inspector shall constitute an *appropriation* for each fund. Section 17–204 defines "appropriation" to mean an authorization and allocation of money to be expended for a purpose. This section also defines "levy" as the imposition of ad valorem taxes or the total amount of ad valorem taxes for a purpose. Levies are made by the excise board.

Section 17–206(C), provides in pertinent part:

The estimate of revenues for any budget year shall include probable income by source which the municipality is legally empowered to collect or receive at the time the budget is adopted. The estimate shall be based on a review and analysis of past and anticipated revenues of the municipality. *Any portion of the budget of revenues to be derived from ad valorem property taxation shall not exceed the amount* of tax which is available for appropriation, *as finally determined by the county excise board, or which can* or must *be raised as required by law.* (Emphasis added.)

The role of the excise board in the ad valorem portion of the municipal budget under the Act is further emphasized in section 17–209(D):

*At the time required by law,* the county excise board shall levy the taxes necessary for the municipality's sinking

fund for the budget year pursuant to Section 431 of Title 62 of the Oklahoma Statutes. (Emphasis added.)

Failure to protest a budget under section 17–210 of the Act places the appropriation or allocation of funds beyond a taxpayer's later challenge. However, it does not affect his right to challenge the actual levy or imposition of an ad valorem tax to raise funds under 68 O.S.1981 § 24103. We also observe that an excise board has independent "watch dog" authority over a levy it has approved and which is later protested. 68 O.S.1981 § 24103(b), provides:

> The excise board may reconvene at any time within sixty (60) days after the filing of the budgets and levies with the State Auditor and Inspector and reduce any protested budgets and levies which the excise board deems to be illegal.

The protests in the instant case which challenged a clearly illegal *levy* were timely filed within fifteen days under 68 O.S.1981 § 24103.

Finally, we have considered the arguments of the City of Muskogee and amicus curiae Municipal League concerning the il-legality of requiring City to expend funds in support of the County's Ad Valorem Revaluation Program. We hold that this is not properly justiciable, because it is not germane to the subject matter of this suit. These protests did not challenge the use of municipal funding generally for support of the County Revaluation Program but only the levy of ad valorem sinking funds. It is well settled a court lacks jurisdiction to enter an order which concerns a matter outside the scope of the issues. *Spears v. Preble*, 661 P.2d 1337, 1343 (Okla.1983). A municipality's expenditure of non-ad valorem revenue for such a·purpose cannot be decided by this court on this appeal.

AFFIRMED.[1]

BRIGHTMIRE and MEANS, JJ., concur.

1. We have likewise concluded that the appeal has been timely perfected. In *McCullough v. Safeway Stores, Inc.*, 626 P.2d 1332, 1334 (Okla. 1981), the court unequivocally stated that parties to an action who are affected by an appealable decision or pronouncement of judgment made in their absence at a time not regularly appointed for trial must be given timely notice of the court's decision. The court held such rulings are not deemed "rendered" for purposes of appeal until notice of its entry has been mailed to the parties who appeared. *Id.* at 1335. City's appeal was filed within thirty days of the mailing of the Court of Tax Review's *in absentia* decision and as such was timely.