**AT & T, Own Risk, Petitioner,**

**v.**

**Phyllis LAND and the Workers' Compensation Court, Respondents.**

**No. 75252.**

Supreme Court of Oklahoma.

Oct. 29, 1991.

Rod L. Cook, Rainey, Ross, Rice & Binns by Robert J. Campbell, Jr., Oklahoma City, for petitioner.

Richard A. Bell, Norman, for respondents.

PER CURIAM:

Phyllis Land filed a claim in the Workers' Compensation Court against Southwestern Bell Telephone (Bell) and AT & T for cumulative trauma to her neck and back. Before a hearing was held, Bell was dismissed from the action. At the end of the hearing, the judge took the matter under advisement and requested supplemental medical reports.

A written order awarding the claimant damages was filed on August 3, 1989. The order stated, "cc: Richard Bell, Rod Cook." Richard Bell represented the claimant, Rod Cook represented AT & T, and John S. Oldfield, Jr. represented Bell. The order was stamped stating that a copy of the order was "mailed to the parties affected" on August 3.

Even though Bell had been dismissed, John Oldfield received a copy of the order. It is undisputed that Rod Cook did not receive a copy of the order. On August 25, John Oldfield advised Rod Cook that he had received a copy of the order.

On August 29, 1989, AT & T filed its appeal to the three-judge panel. The panel dismissed the appeal for lack of jurisdiction. AT & T appealed the panel's decision and the Court of Appeals affirmed, stating that "[t]here is no evidence that a copy of the order was not sent to all affected parties."

The Workers' Compensation Court Rules provide: "Appeals to the three judge panel may be taken by filing an original and three copies of a request for review within ten (10) days from the date the order appealed from was stamp filed by the Court." Okla.Stat. tit. 85, ch. 4, App., rule 28 (Supp. 1989). The claimant argues that under this rule the only two relevant facts are that the order was stamp filed on August 3, 1989, and that AT & T did not appeal the matter to a panel of the Workers' Compensation Court until August 29, 1989.

■ Due process requires that, when a matter is taken under advisement, the affected parties who appeared be given timely notice of the court's decision. U.S. Const. amend. V and XIV; Okla. Const. art. 2, § 7; *McCullough v. Safeway Stores, Inc.*, 626 P.2d 1332, 1334 (Okla.1981). The legislature recognized this due process requirement when it enacted section 3.6 of the Workers' Compensation Act. Section 3.6 provides that an order, decision, or award of the Workers' Compensation Court does not become final until twenty days *after a copy is sent to the affected parties.* Okla.Stat. tit. 85, § 3.6 (Supp.1986) (emphasis added). And this Court affirmed the necessity of notifying the parties in *Scrappers, Inc. v. Wilson*, 790 P.2d 1116, 1117 (Okla.1990). Even the stamped verification affirms that the order must be sent to the parties affected.

■ The court's record creates a presumption the order was sent to the parties affected. *See McCullough*, 626 P.2d at 1334. This presumption is rebuttable. In the present case, it is uncontroverted that AT & T's attorney, Rod Cook, never received a copy of the order. It is also uncontroverted that a copy of the order was sent to Bell's John Oldfield. The reasonable inference is that the copy of the order intended for Rod Cook was sent to John Oldfield. After AT & T rebutted the presumption, the claimant failed to meet the burden of showing that a copy of the order was sent to Rod Cook. The Workers' Compensation Court should not have dismissed the appeal to the three judge panel.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS' OPINION VACATED; WORKERS' COMPENSATION COURT ORDER VACATED; CAUSE REMANDED.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., dissents.