ARDMORE MANUFACTURING and
Liberty Mutual Insurance
Company, Petitioners,

v.

Christine JONES and the Workers'
Compensation Court,
Respondents.

No. 78619.

Court of Appeals of Oklahoma,
Division No. 1.

Aug. 25, 1992.

As Corrected Aug. 26, 1992.

Dennis P. Rischard, Abowitz & Welch, Oklahoma City, for petitioners.

Richard A. Bell, Oklahoma City, for respondents.

MEMORANDUM OPINION

ADAMS, Presiding Judge:

Ardmore Manufacturing and its insurer, Liberty Mutual Insurance Company (collectively Employer) claim the three-judge panel erred in modifying the trial judge's order denying the claim of Christine Jones (Claimant), because Employer's counsel received no notice of oral argument on Claimant's en banc appeal. Because the record contains uncontroverted evidence of lack of notice, we vacate the panel's order and remand for a new hearing on Claimant's en banc appeal.

According to the record, the trial judge entered an order on April 11, 1991, determining Claimant sustained no permanent partial disability as a result of injury to her lungs and upper respiratory system. Claimant timely appealed to the court en banc. The record contains no documentation concerning when the appeal was set for oral argument or giving notice of that setting.[1]

However, the record does contain a letter from Employer's counsel, filed in the case on October 10, 1991, addressed to the three-judge panel and advising them he had received no notice of oral argument and therefore did not appear. Employer's counsel requested the panel refrain from entering an order until he could be heard. On October 17, 1991, Employer filed a Form 9 requesting rehearing before the three-judge panel, claiming lack of due process and attaching an affidavit from his firm's office manager attesting that no notice was received of the oral argument. Counsel requested a hearing on his Form 9 by another letter filed October 23, 1991, unaware that the three judge panel adopted its order modifying the trial judge's order on October 22, 1991. This latter order was filed October 30, 1991.

The right to notice and an opportunity to be heard is fundamental to the fairness of

---

**1.** The briefs agree oral argument was originally set on August 30, 1991, but was stricken by agreement to be reset "in regular order". In addition, both parties agree Employer's counsel was not present for oral argument on October 4, 1991. Accordingly, we may accept these facts as true, despite no record documentation. *See Greenwood v. Lyles & Buckner, Inc.,* 329 P.2d 1063 (Okla.1958).

any judicial proceeding affecting parties' rights. The Oklahoma Supreme Court addressed a similar problem in *AT & T v. Land,* 819 P.2d 716 (Okla.1991), and concluded the Workers' Compensation Court erred in dismissing an en banc appeal as untimely where the uncontroverted record demonstrated the appealing party had not received notice of the decision being appealed.

Claimant contends *AT & T v. Land* does not apply because there was no confusion in this case about which attorney was to receive the notice. Claimant argues we must presume proper notice. No such presumption exists on this record. "While court records generally do import verity, where notice is one's due, it can never be judicially presumed from an utterly silent record." *McCullough v. Safeway Stores, Inc.,* 626 P.2d 1332, 1334 (Okla.1981). This record is "utterly silent" when asked to show that notice was given. To the contrary, it only speaks to tell us that Employer's counsel received no notice. The panel's order is vacated, and the case is remanded for consideration of Claimant's en banc appeal after appropriate notice to all parties.

VACATED AND REMANDED WITH INSTRUCTIONS.

GARRETT and JONES, JJ., concur.