**Duie L. VIBBARD, Petitioner,**

v.

**CITY OF GUTHRIE, STATE INSURANCE FUND, and the WORKERS' COMPENSATION COURT, Respondents.**

**No. 89051.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 12, 1997.

Scott A. McArdle, McArdle Law Office, Ardmore, for Petitioner.

Greg K. Ballard, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for Respondents.

JOPLIN, Judge:

¶ 1 Petitioner Duie L. Vibbard (Claimant) seeks review of an order of a three-judge panel of the Workers' Compensation Court affirming an order of the trial court denying the claim and dismissing Claimant's appeal as untimely filed. Herein, Claimant asserts (1) he overcame the presumption of timely notice of the trial court's decision, rendering dismissal of his appeal erroneous, (2) lack of "reasonable" competent evidence supporting denial of his claim. After review of the record, we agree with Claimant that he overcame the presumption of timely notice of decision as to excuse the tardy filing of his appeal to the three-judge panel. We consequently hold the order of the three-judge panel should be vacated and the matter remanded for further proceedings.

¶ 2 Claimant filed his Form 3 in February 1996 asserting compensable accidental injury (stroke) arising out of and in the course of his employment with Respondent City of Guthrie (Employer). Employer denied compensable injury arising out of and in the course of the employment.

¶ 3 At trial on October 14, 1996, Claimant testified that he sustained a stroke after general and particular job-related stress, and presented medical evidence "that the acute stress that [Claimant] had at work did precipitate the cardiovascular accident increasing his blood pressure and causing the hemorrhage in the left parietal lobe." Employer presented medical evidence finding the "etiology of this stroke [to be] hypertension," that Claimant "was at increased risk for this stroke not only by reason of hypertension, but by reason of obesity, substantial smoking history, excessive caffeine intake and former history of hyperlipidemia," and that Claimant's "allegations of ... stress at his workplace [as] the cause of his hypertension and stroke" were not "medically reasonable or supportable." Upon presentation of the evidence, the trial court took the matter under advisement.

¶ 4 On October 22, 1996, the trial court filed its order denying the claim and, according to the certificate of mailing, mailed a copy of the order to counsel for Claimant and Employer at their respective correct addresses. On November 27, 1996, Claimant petitioned for intra-court review of the trial court's order. At hearing before the appellate tribunal, Claimant's counsel presented (1) his affidavit that he never received a copy of the October 22 order mailed to counsel, and did not learn of filing of the trial court's order until November 26, and (2) a copy of an incorrectly addressed envelope mailed to him by the Workers' Compensation Court in an unrelated matter.

¶ 5 On consideration of the matter, the three-judge panel (one judge dissenting "to allow this appeal to go forward on the merits") entered the following order:

> After reviewing the record in this case, and being fully informed in the premises, said Judges find that the order of the Trial Judge heretofore entered on October 22, 1996, was not against the clear weight of

the evidence nor contrary to law and same is hereby AFFIRMED.

The claimant's appeal to the Court en banc is dismissed upon the claimant's failure to timely file the appeal within the time period provided by 85 O.S. § 3.6. Claimant now seeks review before this court.[1]

¶6 On the issue of notice of a Workers' Compensation Court decision on a matter taken under advisement, the Oklahoma Supreme Court has held:

Due process requires that, when a matter is taken under advisement, the affected parties who appeared be given timely notice of the court's decision. U.S. Const. amend. V and XIV; Okla. Const. art. 2, § 7; *McCullough v. Safeway Stores, Inc.,* [1981 OK 38,] 626 P.2d 1332, 1334 (Okla. 1981). The legislature recognized this due process requirement when it enacted section 3.6 of the Workers' Compensation Act. Section 3.6 provides that an order, decision, or award of the Workers' Compensation Court does not become final until twenty days *after a copy is sent to the affected parties.* Okla.Stat. tit. 85, § 3.6 (Supp.1986) (emphasis added). And this Court affirmed the necessity of notifying the parties in *Scrappers, Inc. v. Wilson,* [1990 OK 42] 790 P.2d 1116, 1117 (Okla. 1990). Even the stamped verification affirms that the order must be sent to the parties affected.

The court's record creates a presumption the order was sent to the parties affected. *See McCullough,* 626 P.2d at 1334. This presumption is rebuttable. . . .

*A.T. & T. v. Land,* 1991 OK 109, 819 P.2d 716, 718. In *A.T. & T. v. Land,* one of three parties represented by counsel was dismissed from the case, but at the conclusion of the case, one of the two remaining parties' attorneys did not receive the copy of the order mailed to him, even though the order reflected such mailing. From that evidence, the Supreme Court found the "reasonable inference [was] that the copy of the order intended for [counsel for one of the remaining parties] was sent to [the attorney for the dismissed party]," thus adequately rebutting the presumption, and shifting the burden to the opposing party to present evidence of receipt of the order. *A.T. & T. v. Land,* 819 P.2d at 718. As we read *A.T. & T. v. Land,* in order to rebut and overcome the presumption that the order was sent to the parties affected, the evidence presented to rebut the presumption must thus establish, at a minimum, a "reasonable inference" that the affected party did not in fact receive the order.

¶7 In the present case, Claimant's counsel offered his affidavit that he never received the order mailed to him and a copy of an incorrectly addressed mailing from the Workers' Compensation Court in an unrelated matter. We would initially tend to conclude that a counsel's affidavit, standing alone without other corroborative support, would be insufficient to overcome the presumption of mailing and receipt, for to hold otherwise, in our opinion, would leave too wide a door open for all sorts of mischief to escape and circumvent the fundamental requirements of the statute governing commencement of appeals and requiring commencement of an appeal within twenty days after a copy of the order is *sent* to affected parties. However, in counsel's affidavit, he attests that he and only he picks up his mail from a locked mail box to which he and only he has access, that he never received the order mailed to him, and to support his sworn statement, attaches a copy of an envelope mailed to him by the Workers' Compensation Court around the time of mailing of the instant order reflecting a suite number different from that of counsel and different from that on the certificate of mailing of the

---

1. The order of the three-judge panel displays a facial inconsistency, i.e., while initially purporting to affirm the order of the trial court as neither "against the clear weight of the evidence nor contrary to law," the order then professes to dismiss the appeal "upon the claimant's failure to timely file the appeal within the time period provided by 85 O.S. § 3.6." Inasmuch as (1) dismissal of the appeal, it seems to us, would preclude review of the merits of the appeal, (2) the dissenting judge expressly states she would vote "to allow this appeal to go forward on the merits," and (3) the parties agree in their briefs that the appellate tribunal did not entertain argument on the merits of Claimant's appellate complaints, we discount the trial court's recitation of a merits determination as not reflective of the court's true action.

instant order. Under these circumstances, and absent evidence from Employer that counsel for Claimant did, in fact, receive the order mailed to him, we believe the combination of counsel's statement together with the corroborating evidence supports a "reasonable inference" that Claimant's counsel did not receive the order mailed to him so as to excuse the tardy filing of his appeal to the three judge panel. *A.T. & T. v. Land,* 819 P.2d at 718.

¶ 8   We consequently hold the order of the three-judge panel dismissing Claimant's appeal as untimely should be and hereby is VACATED. Inasmuch as both Claimant and Employer agree that argument before the three-judge panel did not reach the merits, we further hold the cause should be RE-MANDED to the three-judge panel for argument of Claimant's appeal on the merits.

HANSEN, P.J., concurs.

BUETTNER, Judge, specially concurring:

¶ 1   I agree that Claimant presented evidence to support a reasonable inference that the order was not properly sent. For that reason, the case should be remanded to the three-judge panel for consideration of the merits of Claimant's appeal.

¶ 2   In this case, the reason for the non-receipt is the critical fact. It is the additional evidence that the order may not have been properly "sent" to Claimant's counsel, i.e., misaddressed, that provides the excuse for late filing of the appeal.