**Tommy KEEL, Appellee,**

v.

**Larry WRIGHT, Appellant,**

and

**Equity Fire and Casualty Insurance Company, a domestic corporation, and Richard Talley, Defendants.**

**No. 81619.**

Supreme Court of Oklahoma.

March 7, 1995.

J. David Pyle, Roberts & Pyle, Ardmore, for appellee.

O. William Davis, Kingston, for appellant.

SUMMERS, Justice.

Keel brought an action in the District Court, alleging breach of contract. He dismissed as to two Defendants, but then obtained a default judgment against the remaining Defendant, Larry Wright. Wright appealed.[1] Keel moved to dismiss the ap-

peal. We effectively grant the motion in part, and will consider only that part of the appeal which was timely brought, taking no cognizance of that part which reached this Court too late.

Defendant Wright represented himself in the trial court and filed an answer to the petition. When he failed to appear at the pre-trial conference default judgment was pronounced against him, and a hearing was set for evidence as to the amount of damages. Wright then obtained counsel and moved to vacate the default judgment. On March 31, 1993 the District Court set the amount of the judgment and held Keel entitled to an attorney's fee, with that amount to be determined at a later hearing.

The Court's ruling of March 31, 1993 appears as a "court minute" signed by the judge and filed. The minute directed Plaintiff to prepare the journal entry. A journal entry of judgment was filed on April 7, 1993.

The hearing on the amount of attorney's fees occurred on April 21, 1993, and a court minute was filed awarding Plaintiff an attorney's fee of $1,750. A journal entry for the award of attorney's fees was filed on June 16, 1993. Wright mailed a petition in error to the Clerk of this Court on May 20, 1993, and an amended petition in error was filed on June 30, 1993.

On appeal Defendant's counsel filed an affidavit stating that he first saw a copy of the journal entry two days prior to the hearing on attorney's fees. Thus, Defendant/Appellant had notice of the journal entry on April 19, 1993. The journal entry does not show approval by counsel.

■ We recently explained that prior to October 1, 1993 a judge-signed minute adjudicating a controversy could be an appealable order. *Manning v. State ex rel. Dept. of Public Safety*, 876 P.2d 667 (Okla.1994). See also *Mansell v. City of Lawton*, 877 P.2d 1120 (Okla.1994) and the discussion of adjudicatory minute entries after October 1, 1993. In *Manning v. State ex rel. Dept. of Public Safety, supra,* we also explained that the holding therein would operate prospectively

---

1. The style of this proceeding has been changed *sua sponte* to correct a misspelled name in the judgment on appeal, and to conform to 20 O.S. 1991 § 3002.

from the date of the opinion. The date of *Manning* is June 7, 1994, and a year after the District Court's minutes in this case. Thus, *Manning's* prospectivity prohibits us from using the minute order as a triggering event for calculating the time to commence an appeal.

The journal entry of judgment was filed April 7, 1993. We have held that when a matter is *taken under advisement* and the judgment later filed, the time to commence the appeal begins from when notice of that judgment is mailed to the parties.[2] This is so to give parties notice of the event that commences the time to appeal.

The record in this case shows no mailing of the journal entry to Wright. Nor does the journal entry show Wright's approval in any way. The affidavit of Wright's counsel states that he first obtained a copy of the journal entry of judgment "two days prior to the [h]earing on [a]ttorney fees", and the hearing was April 21, 1993. Two days prior to the hearing, not counting the day of the hearing, is April 19, 1993. See 12 O.S.1991 § 2006. The petition in error attacking that judgment was deemed filed in this Court on May 20, 1993. Thus if we use the date of notice established by counsel's affidavit, May 20 is thirty-one days after April 19, 1993. The petition in error, even under Wright's counsel's theory, was one day late to attack the judgment. 12 O.S.1991 § 990A.[3]

■ Defendant has made two other arguments. The first is that the appeal should be considered timely due to his reliance upon Rule 1.11(a) of the Rules of Appellate Procedure in Civil Cases, 12 O.S.1991 Ch. 15, App. 2. This Rule no longer corresponds to the present statutory authority for filing appeals. However, even if Appellant relied upon its now outdated provisions, he would still be untimely. The outdated language commenced the time to appeal from the date of a judgment. The date of the judgment was the date it was filed in the trial court, or from the date of mailing if a party or the clerk was directed to mail a file stamped copy to the opposing counsel. The relevant minute entry contains no direction for mailing. Thus, even under this outdated rule the time to appeal would have run from the date the judgment was filed, April 7, 1993, apart from the notice issue.

Defendant argues in the alternative that no judgment occurred until the order granting attorney's fees was filed. The minute order of March 31, 1993 made a finding that Plaintiff was entitled to attorney's fees, but did not determine the amount, and stated that a hearing on the fee would be set at a later date. The subsequent journal entry of April 7, 1993 states that it awarded an attorney's fee, but set no amount. The amount was set at a later hearing.

In *Heirshberg v. Slater,* 833 P.2d 269 (Okla.1992) we observed that at one time an appellant could delay filing an appeal until after a post-judgment order adjudicating reserved attorney's fees. *Id.,* 833 P.2d at 271 n. 5. This was allowed by Rule 1.11(d) of the Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1986 Ch. 15, App. 2. Application of Rule 1.11 as suggested by Defendant required the trial court to expressly reserve the issue of attorney's fees. *Timmons Oil Co., Inc. v. Norman,* 794 P.2d 400 (Okla. 1990). In this case that is exactly what the trial court did. **However, in *Heirshberg* we noted that this pre–1991 rule was no longer in effect, and that new Rule 1.11 no**

---

2. *A.T. & T. v. Land,* 819 P.2d 716, 718 (Okla. 1991); *Matter of Estate of Pope,* 808 P.2d 640, 644 (Okla.1990); *Grant Square Bank & Trust v. Werner,* 782 P.2d 109, 111 (Okla.1989); *McCrary v. McCrary,* 764 P.2d 522, 526–527 (Okla.1988); *State ex rel. Dept. of Corrections v. Johnson,* 682 P.2d 750, 752–753 (Okla.1984); *McCullough v. Safeway Stores, Inc.,* 626 P.2d 1332, 1334 (Okla. 1981). This case does not involve the statutory rule effective October 1, 1993 for a matter taken under advisement where appeal time commences on the date indicated on a Certificate of Mailing. 12 O.S.Supp.1993 § 990A.

3. Appellant's petition in error is thus untimely even if a *McCullough v. Safeway* theory is used that requires notice for matters taken under advisement. Application of this theory to this case would presume that the theory of notice applies to a case not under advisement when an appellant claims that he or she did not have notice of the date the judgment was filed. In this case we do **not** determine whether such theory applies, and we do **not** determine the effect of counsel's affidavit of notice, because it could not affect the outcome.

longer allowed such practice after the rule was changed in 1991. *Id.,* 833 P.2d at 271 n. 5, 273 n. 13.

 The appellate rules were changed effective January 1, 1991. New Rule 1.12 is still on the books. It is based upon two statutes, now repealed, and states that a post-judgment motion seeking costs, attorney's fees, or interest, **"no matter when filed, shall not delay or extend the running of time to appeal the judgment."** 12 O.S. 1991, Ch. 15, App. 2 (emphasis added). Thus, when the judgment was filed in this case there was neither a rule nor statute that would allow waiting until after a decision on a reserved attorney's fee claim to appeal both the underlying judgment and the post-judgment order on attorney's fees.

Effective October 1, 1993 we have a statute that states in part:

> D. Costs, Attorney's Fees and Interest. The filing of a motion for costs, attorney's fees or interest shall not extend or affect the time to appeal.

12 O.S.Supp.1993 § 990.2(D).

This statute was not in effect at the time of the judgment here and does not govern this case. However, **the section clearly tells us that after October 1, 1993 a motion for costs, attorney's fees, or interest as well as any decision on such motions shall not affect the time to appeal.** We decline to readopt a rule similar to the pre–1991 Rule 1.11(d) in light of current legislation contrary to such a rule.

 The journal entry of judgment filed April 7, 1993 set no counsel fees, although the plaintiff had requested an attorney fee in his petition. The final question is this: does that mean that the April 7th adjudication lacked appealability as being determinative of fewer than all claims presented? See 12

O.S.1991 § 1006, now renumbered at 12 O.S.Supp.1994 § 994(A).[4] We conclude it does not.

The fee ultimately allowed in the order filed June 16, 1993 was based on prevailing party status under 12 O.S.1991 § 936. Under that section the fee is "to be taxed and collected as costs." Plaintiff's right to the fee did not come into being until prevailing party status was created upon adjudication of the underlying cause of action. Thus we do not view the attorney's fee prayer as part of plaintiff's cause of action for breach of contract. The April 7th journal entry fully resolved plaintiff's cause of action, and does not run afoul of § 1006, now § 994(A), for the purposes of appealability. The pendency of a decision on prevailing party attorney's fees does not extend the time to appeal from the underlying judgment.

To sum up, the appeal from the April 7th judgment came too late to confer jurisdiction upon this Court. However, the journal entry for the award of attorney's fees was filed on June 16, 1993, and an amended petition in error was filed on June 30, 1993. The only matter properly before the Court at this time is the appeal from the attorney's fee award, and the matter shall thus proceed.

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, SUMMERS and WATT, JJ., concur.

SIMMS and OPALA, JJ., concur in result.

HARGRAVE, J., dissents.

OPALA, Justice, concurring in result.

The court dismisses that part of Larry Wright's [Wright or defendant] appeal which presses the breach-of-contract issues addressed in the March 31, 1993 judgment.

---

**4.** 12 O.S.Supp.1994 § 994(A) is as follows:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the preparation and filing of a final judgment or decree as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the filing of a final judgment or decree. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the final judgment or decree adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk.

Today's pronouncement allows Wright to continue his appeal against the *postjudgment counsel-fee award* allowed by the April 21, 1993 nisi prius order. While I concur in this result, I write separately to correct the notion that the March 31 record entry,[1] which is signed by the judge and affords Tommy Keel [Keel or plaintiff] the relief sought, cannot qualify as a judgment *solely* because it is memorialized on a form titled "court minute". This misconception was rejected in *Manning v. State ex rel. Dept. of Public Safety.*[2] I also write to explain that had the counsel-fee plea been rested on contract rather than prevailing-party status, it would have presented a *prejudgment, instead of postjudgment, issue.* Since the record does not indicate the terms, if any there were, of a promise-based obligation among the parties, I will assume—as did the court—that the counsel-fee award is based on statute[3] and hence resolves a *postjudgment issue.*[4]

## I

### THE ANATOMY OF LITIGATION

On October 13, 1992 Keel brought a breach-of-contract action against Larry Wright and others. The trial judge scheduled a pre-trial conference on February 24, 1993. Wright failed to appear; the conference was re-scheduled for March 3, 1993. When Wright again failed to appear, default judgment was entered against him. An evidentiary hearing, scheduled to determine damages, took place on March 31, 1993. Judgment was *then entered* for Keel's dam-

ages, but the amount of the counsel-fee award was not determined. *A second memorial of the same judgment*—prepared by Keel's counsel at the court's direction—*contains the very same terms* as the March 31 memorialization. Signed by the judge, *it was entered on April 7, 1993.* Although the earlier (March 31) memorial directed that a copy of the judgment be mailed to O. William Davis [defendant's counsel], *Davis maintains he does not recall receiving notice of the judgment until April 19, 1993 when he procured a copy from the court clerk's office.*

After conducting an evidentiary hearing, the court—by a judge-signed order entered on April 21, 1993—set the amount of Keel's counsel-fee award at $1,750.00 and directed plaintiff's counsel to prepare an order of the court's finding. The counsel-prepared order was filed on June 16, 1993.

Wright's appeal, brought to challenge both the breach-of-contract ruling and the counsel-fee award, came here on May 21, 1993—*more than thirty days after* Wright received notice of Keel's breach-of-contract judgment, *i.e.,* April 19, 1993, but *within thirty days* of the postjudgment counsel-fee award's filing.

## II

### AN INSTRUMENT'S MEANING AND EFFECT DEPEND UPON ITS CONTENT AND SUBSTANCE RATHER THAN UPON ITS FORM OR TITLE[5]

Judgments,[6] orders[7] and minutes[8] are facially distinguishable instruments. Recog-

---

1. For the law governing the appeal from the March 31 entry, see *infra* note 12.

2. *Manning v. State ex rel. Dept. of Public Safety,* Okl., 876 P.2d 667 (1994).

3. The pertinent terms of 12 O.S.1991 § 936 are: "In any civil action to recover on ... [a] contract which is the subject to [*sic*] the action, the *prevailing* party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." [Emphasis added.]

4. *See* Rule 1.10, Rules of Appellate Procedure in Civil Cases.

5. *Sellers v. Oklahoma Pub. Co.,* Okl., 687 P.2d 116, 118 (1984); *Horizons, Inc. v. KEO Leasing*

*Co.,* Okl., 681 P.2d 757, 759 (1984); *Amarex, Inc. v. Baker,* Okl., 655 P.2d 1040, 1043 (1983); *Knell v. Burnes,* Okl., 645 P.2d 471, 473 (1982); *Boose v. Hanlin,* Okl., 346 P.2d 932, 935 (1959).

6. "A judgment is the final determination of the rights of the parties in an action." 12 O.S.1991 § 681. [Emphasis supplied.] *See Hurley v. Hurley,* 191 Okl. 194, 127 P.2d 147, 150 (1942).

7. An *order* is a *"direction* of a court or judge *made* or *entered in writing,* and not included in a judgment." [Emphasis supplied.] 12 O.S.1991 § 1116.

8. *Minutes* are no more than *abbreviated memoranda of what takes place in court. State v. Larkin,* 11 Nev. 314, 321 (1876); *Gregory v.*

nizable by their *content, appearance and substance,* each of these writings has a distinct legal identity and objective.[9] *Before October 1, 1993, judgment was secured by the filing of a memorial that met the 12 O.S.1991 § 24*[10] *recordation criteria* (the judge's full signature and a clear indication of the relief afforded). *After* October 1, 1993, a judgment, *to be recordable,* must *substantially* meet *not only* the § 24 criteria *but also* the requirements of 12 O.S.Supp.1993 § 696.3.[11] The *filing of a recordable memorial* triggers the 12 O.S.1991 § 990A[12] *countdown for commencing an appeal.*[13]

The substance of the March 31 entry *is that of a judgment and not that of a minute.*[14] If the four corners had yielded no more than an unsigned or initialed memoran-

dum of the courtroom events, my conclusion would be different. Because the earlier court-prepared (March 31) memorial precludes all further inquiry into the breach-of-contract issues joined by the pleadings,[15] the March 31 entry, *and not the later April 7 memorial,* is the filed judgment in this case.[16] The former may *not* be transmuted into a minute either by its *preprinted "court minute" label* or by the *judge's directive that plaintiff's counsel prepare a journal entry.* The later April 7 journal entry simply does *not* extend appeal time.

*Although Manning holds that the law will not tolerate more than one record entry of the same appealable event,*[17] *we there saved from dismissal a tardy appeal* to protect the appellant from a confusing instruction from a

*Frothingham,* 1 Nev. 253, 260 (1865). Never a fit substitute for the judge's *recordable* memorialized entry, minutes are by definition an *incomplete* reflection of the court's ruling. *Elliott v. City of Guthrie,* Okl., 725 P.2d 861, 863 n. 10 (1986); *Chamberlin v. Chamberlin,* Okl., 720 P.2d 721, 723 n. 5 (1986); *Miller v. Miller,* Okl., 664 P.2d 1032, 1034 (1983); *Wetsel v. Independent School District I–1,* Okl., 670 P.2d 986, 993 (1983); *McCullough v. Safeway Stores, Inc.,* Okl., 626 P.2d 1332, 1335 n. 1 (1981).

9. The term "minute order" has *no legal meaning.* This oxymoron crept into courthouse parlance when, because of county budgetary constraints that eliminated the availability of some courtroom deputies, judges began writing and signing *short, recordable orders* at the bench. Oklahoma is not the only state to be plagued by oxymorons. *See, e.g., Woodland v. Woodland,* 147 N.W.2d 590, 601 (N.D.1967), for an instrument dubbed a "judgment order."

10. The pertinent terms of 12 O.S.1991 § 24, are:

"*Upon the journal record* required to be kept by the clerk of the district court in civil cases ... *shall be entered* copies of the following instruments on file:"

\* \* \* \* \* \*

"2. *All instruments filed in the case that bear the signature of the judge and specify clearly the relief granted or order made.*" [Emphasis supplied.]

11. The pertinent terms of 12 O.S.1993 § 696.3, effective October 1, 1993, are:

"A. Judgments, decrees and appealable orders that are filed with the clerk of the court shall contain:

1. A caption setting forth the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;

2. A statement of the disposition of the action, proceeding, or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties;

3. The signature and title of the court; ...."

12. The appeal from the March 31, 1993 judgment is governed by the law in effect when judgment was entered. The terms of 12 O.S. 1991 § 990A [repealed by 1993 Okla.Sess.Laws Ch. 351 § 18, effective October 1, 1993 (codified at 12 O.S.Supp.1993 § 990A)] provided in pertinent part:

"An appeal to the Supreme Court may be commenced by filing a petition in error with the Clerk of the Supreme Court *within thirty (30) days from the date the final order or judgment is filed.*" [Emphasis supplied.]

13. The judge-signed memorial—filed March 31, 1993—describes in full the relief granted and meets all the recordation criteria for a record entry under the statutory regime in effect when the judgment was entered.

14. *The judge's full signature and a clear indication of the relief afforded* are the essential prerequisites for a memorial's entry upon the judgment roll as a "recordable" instrument. 12 O.S.1991 § 24; *Martin v. Lib. Nat. Bank & Trust,* Okl., 839 P.2d 179, 180 (1992). For the terms of § 24, see *supra* note 10.

15. *Hurley, supra* note 6, 127 P.2d at 150; *Wells v. Shriver,* 81 Okl. 108, 197 P. 460 (1921).

16. *See* 12 O.S.1991 § 990A, *supra* note 12, which provides that the filed judgment triggers appeal time.

17. *Manning, supra* note 2 at 672.

trial judge who told counsel for the prevailing party to prepare a second memorial of the same judgment. While I agree that Wright's appeal is *untimely,* I do so for a different reason. It is my view that the appeal was brought more than thirty days from April 19—the day Wright first acquired notice of *the earlier (March 31) record entry's filing.*

## III

## THERE CAN BE BUT ONE AUTHENTIC MEMORIAL OF A JUDGMENT OR FINAL ORDER

This court stands committed to the principle that in the judgment roll of a case *there can be only one authentic memorial of a judgment.*[18] When confronted with two instruments that memorialize the same ruling, the court will deem the earlier entry to control over the *later,* even if the later should contain some matter not included in the former. This is the *Aishman* doctrine.[19] It protects the inviolability of the earlier-recorded memorial that stands unvacated. Its teaching is that a nisi prius judge may not, without resort to *modification or vacation process,*[20] "paper over" an earlier memorial. Absent orderly vacation process, the later memorial of the same ruling will be regarded as a *nullity* on the face of the judgment roll. The law cannot tolerate more than one *record entry* of the same ruling.[21]

18. *Aishman v. Taylor,* Okl., 516 P.2d 244, 245 (1973). "A judgment is the final determination of the rights of the parties in an action." 12 O.S.1991 § 681.

19. *See Aishman, supra* note 18.

20. The terms of 12 O.S.1991 § 1031 *et seq.* authorize the district court to vacate or modify its judgment (within prescribed times and on *due notice given to all affected parties* ).

21. For a general discussion of the potential mischief a system of multiple record entries may generate, see *Mansell v. City of Lawton,* Okl., 877 P.2d 1120, 1127–28 (1994) (Opala, J., concurring in result).

22. *White v. New Hampshire,* 455 U.S. 445, 451–52, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982).

## IV

## A PREVAILING PARTY'S POST-JUDGMENT PLEA FOR A COUNSEL–FEE AWARD IS SEPARATE FROM A CLAIM ON THE MERITS

Where, in a *breach-of-contract* action, a litigant presses a *statutory* plea for counsel-fee award *qua prevailing party* in the case, its demand presents a *postjudgment* issue.[22] Not so if the plea should rest upon a contract clause of the agreement in suit.

The trial court's inquiry into Keel's § 936[23] counsel-fee plea—*an inquiry which could not be commenced until some party had emerged as having "prevailed"*—was resolved by the April 21, 1993 order that set the award at $1,750.00. This order, which is separately appealable, was timely brought for our review within thirty days of its nisi prius filing.[24]

## V

## SUMMARY

The court errs today when it holds that the breach-of-contract judgment was effected by the later (April 7) rather than the earlier (March 31) memorial. According to the court's pronouncement, the earlier memorial is an "adjudicatory minute entry." *Minutes* cannot accurately be called either "adjudicatory" or "adjudicative". The former term ("adjudicatory") simply denotes "matters to be decided."[25] "Adjudicative", on the other hand, means that which pertains to adjudication.[26] Minutes are nothing more or less

*See also Oliver's Sports Center, Inc. v. Nat. Standard Ins.,* Okl., 615 P.2d 291, 295 (1980) (Opala, J., concurring).

23. For the terms of 12 O.S.1991 § 936, see *supra* note 3.

24. *P & H Oil Field Serv. v. Spectra Energy,* Okl., 823 P.2d 365, 367 (1991).

25. *See Application of Gault,* 387 U.S. 1, 31, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527 n. 48 (1967).

26. *State v. Freeman,* Okl., 440 P.2d 744, 757 (1968); *Communist Party of U.S. v. Sub.Act. Cont.Bd.,* 367 U.S. 1, 110, 81 S.Ct. 1357, 1418, 6 L.Ed.2d 625 (1961).

pretentious than mnemonic aids posted on the district court's appearance docket, its chronological index of events in an action. *The appearance docket may not be used as evidence of what was adjudicated.*[27] The proof of an adjudication is made by the judgment roll, of which the appearance docket is not a part.[28]

The time to appeal from the March 31 breach-of-contract judgment was triggered April 19. The only reason I accept April 19 as the appealable event is because it is the temporal point at which Wright's counsel learned of the earlier memorial's filing.[29] I hence recede from today's opinion but join in the disposition of this appeal.

**27.** *Miller v. Miller*, Okl., 664 P.2d 1032, 1034 (1983).

**28.** *Elliott, supra* note at 863; *see also Mansell, supra* note 21 at 1125–26.

**29.** *See McCullough, supra* note 8 at 1334.