2006 OK CIV APP 137

**CITY OF NORMAN, Oklahoma, Plaintiff/Appellant,**

v.

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES LOCAL 2875, Defendant/Appellee,**

and

**Bucky Littlecharley, Defendant.**

No. 102,887.

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 3, 2006.

Tony G. Puckett, Ronald T. Shinn, Jr., McAfee & Taft, Oklahoma City, OK, for Plaintiff/Appellant.

James R. Moore, Douglas D. Vernier, James R. Moore & Associates, P.C., Oklahoma City, OK, for Defendant/Appellee.

Opinion by JANE P. WISEMAN, Presiding Judge.

¶ 1 This appeal arises out of the trial court's determination that American Federation of State, County and Municipal Employees, Local No. 2875 (Defendant) was entitled to post-judgment attorney fees and costs pursuant to *City National Bank & Trust Co. v. Owens*, 1977 OK 86, 565 P.2d 4, and subsequent cases, as a result of oppressive litigation conduct by City of Norman (Plaintiff).

¶ 2 Although the trial court's order states that Defendant is entitled to attorney fees as an exception to the "American Rule" and grants Defendant's application for attorney fees and costs, the order further reserves the issue of the amount of fees and costs for an evidentiary hearing to be set "upon motion by either party." Our review of the record reveals no determination by the trial court as to the amount of fees and costs to which Defendant is entitled, and this remains an unresolved issue of fact to be decided by the trial court.

¶ 3 We conclude that the resolution of the issue of entitlement without a determination as to amount does not constitute a final order, and this appeal must be dismissed as premature. *See, e.g., M Life Ins. Co. v. Sapers & Wallack Ins. Agency, Inc.*, 40 P.3d 6 (Colo.Ct.App.2001), *overruled on other grounds by Pueblo Bancorporation v. Lindoe, Inc.*, 63 P.3d 353 (Colo.2003) ("[A]n award granting attorney fees, but not determining the amount, is not a final judgment."); *see also Axtell v. Park Sch. Dist. R–3*, 962 P.2d 319 (Colo.Ct.App.1998) (order granting attorney fees was not final and appealable because the amount of fees had not been set); *Kattoura v. Patel*, 262 N.J.Super. 34, 619 A.2d 1031 (Ct.App.Div.1993) ("[A]n order which adjudicates a liability for counsel fees and litigation expenses, but not the amount of the obligation, is only interlocutory and hence not appealable as of right."); *Green v. Callahan*, 664 So.2d 21 (Fla.Dist.Ct.App. 1995) ("[P]ostjudgment order awarding attor-

ney fees was not appealable until the amount of fees was determined.").

¶4 DISMISSED.

GOODMAN, J., and FISCHER, J., concur.