2007 OK CIV APP 83
### FIRST CAPITAL BANK,
Plaintiff/Appellant,

v.

Tom **TARRANT,** individually and doing business as Trace Oil; and Tracy Tarrant, individually and doing business as Trace Oil; Defendants/Appellees,

and

**Bank of Oklahoma, and Bancfirst,**
Defendants.
### No. 102,873.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 10, 2007.

John N. Hermes, McAfee & Taft, Oklahoma City, OK,[1] for Plaintiff/Appellant.

Robert S. Glass, R. Charles Wilkin, III, Kurston P. McMurray, Brian L. Mitchell, GlassWilkin, PC, Tulsa, OK, for Defendants/Appellees.

OPINION

ADAMS, Judge.

¶ 1 Plaintiff First Capital Bank appeals from a trial court order sustaining a motion to transfer this case to the District Court of Logan County, Oklahoma, on the grounds of *forum non conveniens.* We conclude the appeal is premature and dismiss.

1. Counsel who filed this appeal on behalf of Plaintiff/Appellant and filed the briefs, including arguments related to prematurity, withdrew after briefing was completed. Its substitute counsel noted above had no part in filing the appeal or briefing.

¶2 Our mandatory appellate jurisdiction from orders of the district court is limited to final orders or judgments and interlocutory orders appealable by right. 12 O.S.2001 § 952.[2] The record does not indicate the existence of a judgment, defined as "the final determination of the rights of the parties in an action" in 12 O.S.2001 § 681. However, Plaintiff contends it may be treated as a "final order," which is defined in 12 O.S.2001 § 953 as "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment."

¶3 According to Plaintiff, the order transferring the case affects its substantial right to have the case heard in the venue of its choosing and prevents a judgment *in that venue.* However, this argument overlooks that such an order does not determine the action nor does it prevent a judgment on Plaintiff's claim. Cases cited by Plaintiff in which the appellate court has reviewed a trial court decision on *forum non conveniens* involved trial court decisions to dismiss the case on that ground or were original proceedings on the request for a prerogative writ. That is not the case here.

¶4 Moreover, we lack the authority to treat this *appeal* as an application for the assumption of original jurisdiction and issuance of a writ of prohibition to prevent the transfer as Plaintiff suggests in its Reply Brief, because that authority resides with the Oklahoma Supreme Court.[3] This appeal is premature and must be dismissed.

DISMISSED AS PREMATURE.

JOPLIN, P.J., and MITCHELL, V.C.J., concur.

---

2. Other orders which affect a "substantial part of the merits" of a case may be certified by the district court for discretionary review by the Oklahoma Supreme Court in advance of judgment under 12 O.S.2001 § 952(b)(3). No attempt has been made to bring such an appeal.

3. The Oklahoma Supreme Court has on occasion treated a petition in error as an original action for a writ. *See Federal Deposit Insurance Corporation v. Tidwell,* 1991 OK 119, 820 P.2d 1338. So far as we can determine the Court of Civil Appeals possesses no power to accept original jurisdiction in any case.