2010 OK CIV APP 79

**Carl E. BEAVERS and Myrtle B. Beavers, Plaintiffs/Appellees,**

v.

**Harold E. BYERS, Defendant/Appellant.**

**No. 106,752.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 9, 2010.

Benjamin J. Curtis, Poteau, OK, for Plaintiffs/Appellees.

Marc Bovos, Poteau, OK, for Defendant/Appellant.

WM. C. HETHERINGTON, JR., Judge.

¶1 Harold E. Byers (Byers) appeals a trial court order in favor of Carl and Myrtle Beavers (the Beavers) finding Byers breached

their contract to purchase personal property and awarding the Beavers damages and attorneys fees. Our review of the record reveals the appeal of the underlying judgment is untimely and must be DISMISSED. Byers' appeal of the attorney fee award is timely, and is AFFIRMED.

## APPEAL FROM JUDGMENT IN UNDERLYING ACTION

¶2 "Appellate review is commenced by bringing a petition in error within thirty days of the date the trial court's judgment or final order is filed. Timely commencement is jurisdictional. Failure to file an appeal within the statutory time is fatal." *Stites v. DUIT Construction Company, Inc.*, 1995 OK 69, ¶25, 903 P.2d 293, 301–302. Jurisdictional inquiries into appellate cognizance may be considered and re-examined, on motion or *sua sponte*, at any stage of the proceeding. *Id.*, ¶8.

## FACTS

¶3 Byers mailed his Petition in Error on January 27, 2009, indicating the appealable judgment in this matter was filed December 31, 2008 and that no post-trial motions had been filed. The December 31, 2008 "Final Judgment" followed hearing on December 22, 2008, set specifically to determine the amount of attorney fees and costs. It finds in favor of the Beavers and awards them a $3,605 damage judgment against Byers, and then $13,034 in attorney fees and costs, and pre-and post-judgment interest.

¶4 However, the so-called "Final Judgment" specifically refers to the trial court's *prior* "Judgment" filed on September 24, 2008. That judgment order included the same findings, with a specific award of damages, a general cost award and interest in favor of the Beavers and against Byers, and also specifically denies each of Byers' theories of relief alleged in his counterclaim. The September 24, 2008 Order did not set attorney fee or cost specific amounts.

## ANALYSIS

¶5 "Our mandatory appellate jurisdiction from orders of the district court is limited to final orders or judgments and interlocutory orders appealable by right." *First Capital Bank v. Tarrant,* 2007 OK CIV APP 83, ¶2, 169 P.3d 1210, 1211. A "final order" is "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment." 12 O.S.2001 § 953. For purposes of Byers' appeal, the September 24, 2008 Judgment fully resolved the Beavers' claim and Byers' counterclaim and therefore, it is the "final order" of the case that triggered the 30–day period within which a petition in error must be filed to commence a timely appeal. Byers did not file a petition in error within that period. Nor was any post-trial motion for new trial or equivalent motion filed "no later than 10 days" after the filing or the mailing of the September 24, 2008 Judgment which would have extended the time to commence an appeal until disposition of the post-trial motion. Okla.Sup.Ct.R. 1.22(c)(1).

¶6 The only post-trial motion in this matter was the Beavers' application for attorney fees and costs, which was filed October 21, 2008. "The filing of a motion for costs or attorney fees *shall not* extend or affect the time to appeal." (Emphasis added.) 12 O.S.Supp.2004 § 990.2(D); *see also* Okla.Sup.Ct.R. 1.22(d). As a result, Byers' January 27, 2009 Petition in Error came too late to confer jurisdiction on this court *as to* the judgment for the underlying action. Accordingly, we do not address propositions I through IV of Byers' Brief in Chief.

## APPEAL FROM JUDGMENT AWARDING ATTORNEY FEES

¶7 Byers' remaining proposition raises error with the trial court's award of attorney fees. The first question that must be addressed is whether his appeal of that issue was timely filed.

## TIMELINESS ANALYSIS

¶8 Our review of the record reveals a hearing was held November 5, 2008 on the Beavers' application for attorney fees and

costs and Byers' answer in opposition.[1] On December 3, 2008, the trial court filed an "Order Granting Motion for Award of Attorney Fees and Costs and Scheduling Hearing," determining the Beavers were entitled to an award of attorney fees and setting December 22, 2008 as the date for an "evidentiary hearing regarding the amount of attorney fees and costs." A trial court order determining only a party's entitlement to attorney fees and costs does not constitute a final order. *Keel v. Wright,* 1995 OK 18, 890 P.2d 1351; *City of Norman v. American Federation of State, County and Municipal Employees Local 2875,* 2006 OK CIV APP 137, ¶ 3, 146 P.3d 872.

■■ ¶ 9 Byers subsequently filed a "Motion To Strike Hearing," which motion the trial court denied at the commencement of the December 22, 2008 hearing. After that hearing, the trial court filed an "Order Awarding Attorney Fees and Costs" on December 29, 2008 determining the total amount of reasonable attorney fees and costs to be $13,034.40.[2] Because the issues of entitlement to *and* the reasonable amount of attorney fees and costs were fully resolved upon the filing of the December 29, 2008 order, the 30–day period for commencing an appeal from that order was triggered on that date, *not* December 31, 2008 when the so-called "Final Judgment" was filed, as Byers contends in his Petition in Error. The December 31, 2008 "Final Judgment" is essentially a reaffirmation or reiteration of all three of the trial court's prior orders and is no longer within this court's reviewing cognizance. *Stites v. DUIT Construction Company, Inc.,* 1995 OK 69, ¶ 27, 903 P.2d at 302. "Once an appealable event has occurred, a trial judge is utterly without authority to extend appeal time by any means or in any manner, direct or oblique." *Id.,* at ¶ 28.

¶ 10 Unlike Byers' appeal from the underlying action, his appeal of the trial court's award of attorney fees in favor of the Bea-

vers is reviewable. Having concluded the December 29, 2008 Order Granting Attorney Fees and Costs is the appealable order as to the attorney fees and costs, the last day of the jurisdictional 30–day period for commencement of an appeal from that order would have been January 28, 2009. Because Byers mailed his Petition in Error on January 27, 2009, it is deemed filed on that date. Okla.Sup.Ct.R. 1.4(c). As a result, Byers' appeal from the attorney fee award was timely filed and is the only matter properly before this Court. *See Keel v. Wright,* 1995 OK 18, 890 P.2d 1351.

## ATTORNEY FEE AND COST ANALYSIS

■■ ¶ 11 For reversal of the trial court's award of attorney fees and costs, Byers argues neither 12 O.S.2001 §§ 936 or 940 applies to the facts of this case. Whether a party is entitled to an attorney's fee is a legal question which is reviewed *de novo. Finnell v. Jebco Seismic,* 2003 OK 35, ¶ 7, 67 P.3d 339, 342. Appellate courts have plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings. *Id.*

■■ ¶ 12 By its December 3, 2008 order, the trial court determined the Beavers were entitled to an award of attorney fees as the prevailing party under 12 O.S.2001 §§ 936 and 940. As pertinent here, § 936 authorizes an award of a reasonable attorney fee to the prevailing party in any civil action to recover on a "contract relating to the purchase or sale of goods, wares, or merchandise."

¶ 13 Byers' only argument on appeal against the Beavers' entitlement of attorney fees under § 936 is that he is not a merchant and the Beavers are not a purchaser of goods of *that kind.* However, the authorities he cites, *Oltman Homes, Inc. v. Mirkes,* 2008 OK CIV APP 64, 190 P.3d 1182, and *Holbert v. Echeverria,* 1987 OK 99, 744 P.2d 960, held attorney fees under § 936 may not be awarded when the action is one primarily to

---

1. A transcript for this hearing, if any, is not included in the record.

2. In its December 29, 2008 Order, the trial court reiterated the case's procedural history and noted the parties' stipulation as to the reasonableness of the Beavers' $721.90 costs request and to

the $250 hourly rate. The trial court also made detailed findings including that the number of hours submitted, 49.25, was reasonable in light of the complexity of the evidence, the issues, and other factors even though it exceeded the $3,605 judgment.

recover damages for breach of a contract to convey real estate. No such contract is presented by the evidence in this case.

¶ 14 When specifically addressing § 936, the trial court found the parties had entered into a contract in which the Beavers offered to purchase from Byers certain personal property he had in the cabin on the Beavers' property for $2,500, they sent Byers a check for that amount, he accepted it but failed to deliver those items to the Beavers. The contract was established by testimony and documentary proof, *i.e.*, letters from the Beavers to Byers identifying the specific personal property and the $2,500 check Byers accepted for that property. The Beavers clearly sought to recover on a contract relating to a purchase of goods, and the evidence supports the trial court's award of attorney fees based on § 936.

¶ 15 We next address entitlement of attorney fees under § 940(A). This statute provides that "[i]n any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action."

¶ 16 Byers makes two arguments. He contends the trial court did not initially find he had negligently or willfully injured the Beavers' property and only awarded them money "for items he removed from the cabin," not damages to the cabin. Both arguments fail to consider the December 3, 2008 Order, in which the trial court expressly found "[Byers] willfully and wrongfully removed fixtures, valued at $1,105, from a cabin belonging to [the Beavers] . . . the removal of such fixtures (identified therein) . . . constitutes wilful damage to [their] property." Byers has not argued any error with the trial court's "willful" or "fixture" determinations nor has he argued or cited legal authority that fixtures do not qualify as "property" under § 940(A). Considering the statutory

definitions of "property" and "fixtures," [3] the trial court properly determined the Beavers were also entitled to attorney fees under § 940(A).

¶ 17 "What constitutes a reasonable attorney fee is a matter addressed to the sound discretion of the trial court to be decided based on various factors." *Tibbetts v. Sight 'n Sound Appliance Centers, Inc.,* 2003 OK 72, ¶ 3, 77 P.3d 1042, 1046 (citations omitted). "[A] judgment awarding attorney fees will not be reversed absent an abuse of discretion." *Id.* "As a general matter, an abuse of discretion review standard includes appellate examination of both fact and law issues." *Id.* "[A]buse occurs when the ruling being reviewed is based on an erroneous legal conclusion or there is no rational basis in the evidence for the decision." *Id.*

¶ 18 Byers alleges the trial court failed to apportion attorney fees between successful and unsuccessful claims, arguing the major dispute in the lawsuit revolved around ownership of the cabin and the trial court should have deducted the time spent by the Beavers' attorney in defense of his counterclaim regarding ownership of the cabin. Although we agree that the latter is not a theory upon which attorney fees may be awarded, our review of the record disputes Byers' identification of the "major dispute" as the ownership of the cabin and affirms the trial court's (1) express rejection of that argument, (2) its finding that the breach of contract and willful damage to property "were not minor issues," and (3) its finding that the "issues became inextricably interrelated" when Byers raised the issue of ownership of the cabin. Nor do we find any merit to Byers' allegation that the trial court's attorney fee award was intended to punish Byers for asserting his legal theories and defenses.

¶ 19 Correctly pointing out that an attorney fee award must bear some reasonable relationship to the amount in controversy, Byers lastly argues that an award of $12,312.50 for attorney fees in a case where

---

3. "Property" is either (1) real or immovable or (2) personal or movable. 60 O.S.2001 § 4. "A thing is deemed affixed to the land when it is . . . embedded in it, as in the case of walls, or perma- nently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws." 60 O.S.2001 § 7.

the judgment is $3,605 does not pass that test. This argument must fail for several reasons. The record clearly demonstrates that the parties stipulated to the hourly rate of $250 per hour and further supports the trial court's *Burk* analysis,[4] which included findings that the amount of the fees are justified because the litigation was made necessary by Byers' wrongful acts, his removal of the action from small claims court to district court, and the length and complexity of the litigation. Further, Byers' own motion to strike the December 22, 2008 evidentiary hearing for determining a reasonable amount of attorney fees admits that at the November 5, 2008 hearing on the issue of entitlement "the parties advised [the Court] there was no dispute about the hourly rate sought *and that there is no dispute about the numbers of hours spent on the case.*" (Emphasis added.) On this record, we cannot say that the trial judge's decision was clearly erroneous or without a basis in reason or evidence.

### CONCLUSION

¶ 20 Byers' Petition in Error seeking corrective relief from the trial court's disposition of all of the parties' claims and damages, which was filed September 24, 2008, not December 31, 2008 as indicated in his Petition, came too late and is ordered **DISMISSED.** Byers' appeal of the trial court's attorney fee award was timely and that judgment is **AFFIRMED.** The Beavers' request for appeal-related attorney fees is **GRANTED.** Case is **REMANDED** for determination of appeal-related attorney fees.

BUETTNER, P.J., concurs.

HANSEN, J., concurs in part, dissents in part.

¶ 21 I dissent to that portion of the majority opinion dismissing appellant's appeal of the underlying judgment without giving him an opportunity to show cause why the appeal should not be dismissed as untimely.