2013 OK CIV APP 24

**Dorothy WEISSENBERGER and Hazel Gray, Plaintiffs/Appellants,**

v.

**COPPERMARK BANK, Defendant/Appellee,**

and

**JPMorgan Chase Bank, N.A., Defendant.**

**No. 108,717.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 22, 2013.

M. Michael Arnett, Arnett Law Firm, Oklahoma City, Oklahoma, for Plaintiffs/Appellants,

David A. Cheek, Jeff M. Love, Cheek & Falcone, P.L.L.C., Oklahoma City, Oklahoma, for Defendant/Appellee.

WM. C. HETHERINGTON, JR., Presiding Judge.

¶ 1 This is the second appeal in Appellants' breach of contract case. In the first, another panel of the same division of the Court of Civil Appeals, Case No. 106,711, affirmed the trial court's order granting summary judgment in favor of Appellee Coppermark Bank (Bank) and its order granting Bank's motion for attorney fees and costs. The Supreme

---

Court, by order filed February 22, 2010, denied Appellants' petition for certiorari and granted Bank's motion for attorneys fees with the following instruction, "after mandate issues, trial judge is authorized to award [Appellee] an appeal-and cert-related [attorney's] fee in an adversarial hearing after notice."

¶ 2 The instant appeal is brought by Appellant Dorothy Weissenberger [1] from the trial court's order awarding Bank, after a post-remand hearing, "its reasonable attorney's fees of $23,742.50 and its costs of $1,037.93, for a total judgment of $24,780.43 against [Appellants], jointly and severally, with interest ..." Prior to assignment of Appellant's appeal to this Court, Bank filed a Motion to Dismiss Appeal, consideration of which the Supreme Court deferred to the decisional stage.

¶ 3 Bank moved for *dismissal* based on Appellant's failure to provide this Court with a transcript of the post-remand evidentiary hearing for determining the reasonable attorney fees and costs. It cites two authorities, *Hester v. Hester*, 1983 OK 50, ¶ 5, 663 P.2d 727, 729, and *Madill Bank & Trust Co. v. Herrmann*, 1987 OK CIV APP 4, ¶ 17, 738 P.2d 567, both of which held an award of attorney fees may not be reversed without a showing of the court's abuse of discretion and when no record of that evidentiary hearing has been included in the record, the award will be *affirmed* as presumptively correct.

¶ 4 In Appellant's objection to Bank's dismissal motion, she does not dispute Bank's statement that an evidentiary hearing was held at which Bank presented the testimony of two expert witnesses on the issue of the reasonableness of the amount of requested attorney fees. Instead, Appellant argues she "has submitted records for this appeal in the form of district court and appellate court documents" which "will be sufficient to proceed with [her] case" and "there is nothing that requires that a transcript be made of a proceeding or ... be submitted to this Court for appeal."

¶ 5 Appealing parties have the burden to incorporate into the record *all materials* necessary to demonstrate the alleged error or abuse of discretion in order to secure the requested relief. *In re Wallace Revocable Trust*, 2009 OK 16, ¶ 23, 204 P.3d 80, 86. As Bank's authorities hold, transcripts of hearings to determine the amount of reasonable attorney fees are necessary for a review of such awards for abuse of discretion.[2] Although Okla.Sup.Ct.R. 1.30 permits the appealing party to prepare a narrative statement of the trial *in lieu of a stenographic transcript*, the record Appellant designated for this appeal includes no narrative statement that complies with R. 1.30's requirements.[3]

¶ 6 Because Bank filed this motion to dismiss prior to completion of the record and the briefing cycle in this appeal, its lack of a

---

1. The Petition in Error and briefs were filed on behalf of Appellants Hazel Gray and Dorothy Weissenberger. However, their brief in chief refers to "Hazel Gray, deceased" and there is no notice, statement or suggestion of her death filed in this appeal. At the time of the first appeal, the pleadings in CJ–2008–128 appear to reflect Mrs. Gray died sometime after the filing of the summary judgment order and the first appeal. The death of a plaintiff after an appeal is filed and before the decision does not impair the validity of the judgment. *Caldwell v. Cambron*, 1966 OK 129, 417 P.2d 568, 571 (supplemental opinion, ¶ 1). The latter is true even though no suggestion of death has ever been filed with the Supreme Court. *Edwards v. Smith*, 1914 OK 342, ¶ 0, 42 Okla. 544, 142 P. 302 (syllabus 2). Consequently, we will refer simply to "Appellant" from this point forward in the opinion.

2. Although not addressing this specific issue, we acknowledge Oklahoma courts have held when there is *no transcript or narrative statement* included in the record on appeal, the review is confined to "the docket sheet, the documents filed of record and designated for review by the parties, and the facts to which both parties agree." *Phillips v. Hedges*, 2005 OK 77, ¶ 15, 124 P.3d 227, 232, *Fleck v. Fleck*, 2004 OK 39, ¶ 2, 99 P.3d 238, 239 (citing *Booth v. McKnight*, 2003 OK 49, ¶ 14, 70 P.3d 855, 861).

3. We note that Okla.Sup.Ct.R.1.30 requires a narrative statement to be filed within 10 days of the filing of a petition in error or within 20 days after the party desiring to appeal discovers that the reporter's notes are unavailable or cannot be transcribed, but further provides "[t]hese time limits may be extended by the trial court for good cause shown."

transcript argument was premature and not a proper ground to dismiss this appeal pursuant to Okla.Sup.Ct.R. 1.6(c)(1)[4] or to affirm the award of attorney fees *until* all of the issues to be raised by Appellant were finally submitted. Appealing parties may amend the issues alleged in the petition-in-error by adding arguments that were properly preserved below in the brief-in-chief together with authority for such arguments. *See* Okla.Sup.Ct.R. 1.26(b).[5]

¶ 7 However, after the filing of Appellant's Brief in Chief, Bank has essentially moved to dismiss the appeal again but this time in its Answer Brief. It argues Appellant simply raises a legal question which goes to correctness of the trial court's two underlying orders, both of which were affirmed in Case No. 106,711 and has failed to address any issue with the reasonableness of the amount of either attorney fees or costs awarded or any other abuse of discretion. Because Appellant has not argued nor supported with authority the latter issue in her brief, Bank contends she has completely abandoned the only issue properly before this court, relying on *Peters v. Golden Oil Company*, 1979 OK 123, ¶ 3, 600 P.2d 330, 331.

¶ 8 We agree. The Appellate Court in 106,711, although expressly noting Appellants' failure to raise the contractual issue she now raises here, nevertheless affirmed the court's order allowing attorney fees on that very basis.[6] "An appellate court's decision settles and determines, not only all questions actually presented, but all questions existing in the record and involved in the decision by implication." *Handy v. City of Lawton*, 1992 OK 111, ¶ 13, 835 P.2d 870, 873. "Whether the issue was wrongfully or rightfully decided is not to be determined. Once settled on appeal, the appellate court will not review the issue on the second appeal." *Bierman v. Aramark Refreshment Services Inc.*, 2008 OK 29, ¶ 12, 198 P.3d 877, 881. Therefore, the appellate opinion stands as the settled law of the case for Bank's legal entitlement to an attorney fee and cost award and the contractual issue Appellant raised in her brief-in-chief.[7]

¶ 9 In addition, the February 22, 2010 Supreme Court Order stands as the trial court's authority to determine on remand the amount of reasonable attorney fees at all levels, trial and appeal-related, as well as costs, that should be awarded to Bank. Having failed to challenge either of the awarded amounts, Appellant has abandoned the issue of the reasonableness of the attorney fees and costs. Because there are no issues for this Court to review, Bank's motion to dis-

---

4. Okla.Sup.Ct.R.1.6(c)(1) provides, in relevant part:

The Court may dismiss an appeal, counter-appeal or cross appeal either on its own motion or on the motion of the parties at any stage of the appellate process. *An appeal may be dismissed because of untimeliness of the appeal, absence of an appealable order, mootness, waiver, abandonment or acquiescence in the judgment, failure to comply with these rules or order of the Court, or other grounds deemed appropriate by the Court.* An alleged *absence of substantive merit* will not be regarded by the Court as grounds for dismissal on motion *but may be raised in the brief of a party for consideration at the decisional stage.* (Emphasis added.)

5. Pursuant to R. 1.26(b), the "petition in error will be deemed *amended to include errors set forth in the propositions in the brief-in-chief,* provided that in no event may the appeal be broader in scope than allowed by Rule 1.26(a)." (Emphasis added.)

6. Although the record in a prior appeal is not part of the record in a later appeal, appellate courts may take judicial notice of their own or another appellate court's former opinions to determine the binding effect of the cause in a subsequent action. *See Fent v. Oklahoma Natural Gas Co.*, 1994 OK 108, ¶ 10, fn. 9, 898 P.2d 126, 132. Prior appellate opinions are reviewed to identify the issues actually barred from litigation in the same case. *Id.*, ¶ 12.

7. We note the final order in the first appeal which granted Bank's motion for attorney's fees, although it did not determine the amount of attorney fees or costs, had been certified by the trial court as a final, appealable order. This fact distinguishes it from two published opinions by the Oklahoma Court of Civil Appeals holding court orders that grant attorney fees without determining the amount of those fees are not final, appealable orders. *See Beavers v. Byers*, 2010 OK CIV APP 79, ¶ 8, 239 P.3d 484, 487, and *City of Norman v. American Federation of State, County and Municipal Employees Local 2875*, 2006 OK CIV APP 137, ¶ 3, 146 P.3d 872.

miss is granted, and the appeal is **DISMISSED.**

MITCHELL, J., and GOREE, J., concur.